WASHTENAW MUTUAL FIRE INSURANCE CO. v. BUDD.

1. INSURANCE—FIRE INSURANCE—ACTION AGAINST WRONGDOER.
     Where insured has sustained a loss, he is not required to
        invite the insurer to take part in an action against the
        wrongdoer, nor to take any special steps to protect the
        insurer; but it is the insurer's privilege to intervene and
        protect his own rights, if he sees fit to do so, under 3
        Comp. Laws 1915, § 12362.

2. SAME—SUBROGATION OF INSURER TO JUDGMENT AGAINST WRONG-
     DOER—VALUED POLICY.
     Where the total amount received by the insured from the
        insurer and the wrongdoer, after deducting attorney's fees
        and costs, did not exceed the value of the property de-
        stroyed, the insurer was not entitled to subrogation against
        the insured to the judgment recovered against the wrong-
        doer, although the policy was a valued policy, it appearing
        by its terms that the insurance was only two-thirds of
        the estimated value.

Appeal from Washtenaw; Sample (George W.), J.
Submitted October 14, 1919.   (Docket No. 41.)   De-
cided December 23, 1919.

Bill by the Washtenaw Mutual Fire Insurance Com-
pany against Norris Budd, executor of the last will
of Abraham D. Budd, deceased, and the Ann Arbor
Railroad Company for subrogation to the amount of
a judgment against defendant company.   From a de-
cree dismissing the bill, plaintiff appeals.   Affirmed.

*Frank E. Jones,* for plaintiff.

*Arthur Brown* and *John P. Kirk* (*E. R. Sunderland,*
of counsel), for defendant Budd.

STONE, J.   The bill of complaint herein was filed
to obtain a subrogation of plaintiff, and to reach cer-

On right of insurer which has paid the loss as against insured
who has recovered against or settled with third persons respon-
sible for the loss, see note in 41 L. R. A. (N. S.) 719.

tain moneys collected by Abraham D. Budd from the Ann Arbor Railroad Company, and that said Budd be decreed to be the trustee of the plaintiff. The salient facts were substantially as herein stated. The plaintiff is a Michigan mutual fire insurance company, with offices at the city of Ann Arbor. For a number of years Abraham D. Budd had been a member of said plaintiff company, and had insured, in accordance with the charter and by-laws of said company, certain property, of which he was the owner, under policy No. 1,261, situated on section 21 in the township of Pittsfield, county of Washtenaw, mentioned in the policy, for the following amounts: $900 on dwelling house No. 1; $200 on household furniture, etc.; $300 on barn and shed; $300 on barn No. 2; $100 on granary; $700 on farm products, farm implements, carriages and livestock in Washtenaw county, subject to all the terms and conditions of the policy. The policy stated that the "amount insured represented 2/3 of estimated value." The relevant by-laws of the plaintiff were as follows:

"7. This company will not insure property for more than two-thirds its cash value. The directors of the company to be the judges of such valuation."

"10. In case of loss or damage to personal property insured, the company is liable for two-thirds of such loss or damage, provided full value of the property lost or damaged, as appraised by the directors, does not exceed the estimated cash value of the personal property insured in the policy of the loser in the respective class in which the loss occurs."

While said insurance was in force, on the 23d day of September, 1916, one barn and shed $300, one barn No. 2 $300, one granary $100, were destroyed by fire, with certain personal property which was covered by said policy of insurance of the value of $456.75. The loss as adjusted by the plaintiff company—the full amount of the insurance on the buildings ($700) and

two-thirds the value as fixed on the personal property ($304.50), making in all $1,004.50. This amount was on the 26th day of September, 1916, paid by plaintiff company to Abraham D. Budd (since deceased). Soon after this payment and about December 5, 1916, the said Abraham D. Budd, the insured, without consultation with any of the officers or representatives of the plaintiff, began suit for the recovery of damages to his buildings and property by fire, against the Ann Arbor Railroad Company, alleging that the fire was caused by the negligence of said railroad company. On June 7, 1917, he recovered a judgment against the said railroad company for said damages in the sum of $1,000 and costs, which judgment was afterwards affirmed by this court. See *Budd* v. *Railroad Co.*, 200 Mich. 250.

While said case was pending upon appeal, this bill of complaint was filed, and an injunction issued restraining the payment or collection of said judgment until the further order of the court; also praying for subrogation, as above stated, to the claim or judgment against said railroad company to the amount which the plaintiff, as insurer, had paid to said Budd under said policy.

Pending the instant case, and after the same was at issue, Abraham D. Budd died testate, and Norris Budd, executor, was permitted to come in and defend in this case. A motion was then made for dissolution of the injunction so that the defendant should be permitted to collect the judgment, which had been affirmed in this court, and this was granted upon the filing of a bond by defendant, and the judgment against the railroad company has since been collected by the executor, so that the Ann Arbor Railroad Company is no longer an interested party in this case. A hearing was had before the trial court, and an opinion rendered by the circuit judge in which it is stated that inasmuch as

the amount received by the defendant was not sufficient to cover, net to defendant, the amount of damage and loss he had suffered, the plaintiff was not entitled to a decree, and the bill ot complaint was dismissed with costs. The opinion of the learned circuit judge is so brief and pointed, and upon the facts found so accords with our view of the evidence, that we insert the same here in full:

"This is a suit in equity in which the plaintiff seeks to recover as a trust fund certain moneys which the defendant, Abraham D. Budd, obtained as damages from the Ann Arbor Railroad Company, for the loss of his property caused by sparks from a locomotive of the railroad company. It appears that defendant, Abraham D. Budd, on September 23, 1916, was the owner of certain buildings and personal property located on a farm near the right of way of the Ann Arbor railroad in this county. Part of his property was, at that time, insured in the plaintiff insurance company. On that day, a considerable part of this property was destroyed by fire, caused by sparks from a locomotive belonging to the Ann Arbor Railroad Company. After the fire, the plaintiff settled with defendant Budd for this loss under its policy of insurance, appraised the property and paid to the defendant Budd $1,004.50, which was two-thirds of the value of the property loss on the insured property, and was the amount for which the insurance company was liable under the terms of its policy.

"Afterward, defendant Budd brought an action against the Ann Arbor Railroad Company for negligently causing the loss of his property by fire, and recovered a judgment against the railroad company for $1,000 which was paid. The plaintiff insurance company now seeks to obtain this money on the grounds than since it settled with the defendant Abraham D. Budd for the loss, under its policy of insurance, it is entitled to be subrogated to the entire claim of the defendant against the railroad company. It is conceded that the amount received from the railroad company after deducting the attorney's fees and paying the costs, was $523.17. The plaintiff does not

question the reasonableness of the fees charged by the attorney for trying the case in the circuit court and carrying through the appeal in the Supreme Court, and I see no occasion for questioning their reasonableness.

"The total net compensation which defendant Abraham D. Budd received for the loss of his property was, therefore, $1,527.67, made up of the two items of $1,004.50 from the plaintiff insurance company, and $523.17, net recovery from the railroad company. The value of the property destroyed by the fire appeared from the plaintiff's own evidence, to be $1,682, though the defendant's evidence tended to show a much greater value. But on the plaintiff's own showing, defendant Abraham Budd received from all sources $154.50 less than the amount he actually lost by the fire.

"The law, on the point here involved, has been very clearly laid down by the supreme courts of several States, although the exact question has not been directly passed upon in this State, and I think the principle is to be considered well settled. As said by the supreme court of Kansas, in a recent decision, *Shawnee Fire Ins. Co.* v. *Cosgrove*, 86 Kan. 374 (121 Pac. 488, 41 L. R. A. [N. S.] 719):

"'The general rule is unquestionably that the insurer can recover from the insured, of the sum of insurance paid upon its policy, only the excess received from the wrongdoer, after full compensation for his loss, including the costs and expenses thereof.'

"To the same effect is *Svea Assurance Co.* v. *Packham*, 92 Md. 464 (48 Atl. 359, 52 L. R. A. 95).

"Applying this rule of law to the case before me, there is nothing to be turned over to the plaintiff insurance company. The plaintiff is entitled only to the excess which the defendant received from it after full compensation for his loss, including costs and expenses. This loss was, on plaintiff's own showing, $1,682, and his total receipts, after deducting costs and expenses, were only $1,527.67. The defendant still lacked $154.50 of being fully compensated for his loss, and, therefore, the plaintiff has no valid claim against Abraham Budd.

"A decree may, therefore, be entered in accordance

with the foregoing opinion and the bill of complaint of the plaintiff in this cause dismissed, with costs to be taxed against the plaintiff."

The plaintiff has appealed from the decree entered in pursuance of the opinion, and it is its claim that the right of the insurance company to be subrogated is a recognized ground of equitable relief. There is no question raised by defendant that, under the authorities, the plaintiff, as insurer, would have a right to be subrogated as to any excess over the loss sustained by the insured; but it is the claim that, inasmuch as nothing more than sufficient has come to the hands of defendant, by both the amount paid by the insurance company and the amount recovered from the railroad company, to cover his loss, there is nothing which the plaintiff can take. The general doctrine of the right of subrogation is not questioned by the defendant. In fact such right was recognized by this court in *Union Ice Co.* v. *Railway Co.*, 178 Mich. 346, 352.

An examination of the authorities cited by counsel upon both sides has satisfied us that the learned circuit judge reached the correct conclusion upon the facts found by him, which facts, we think, are fully sustained by the evidence. It is conceded by the plaintiff's attorney that $176 worth of property that was not insured at all was destroyed, and was included in the judgment against the railroad company.

Stress is laid by plaintiff's counsel upon the absence of the insurer from the litigation against the railroad company. We think that the evidence shows that the company had knowledge of such litigation. We understand the rule to be that the insured is not required to invite the insurer to take part in an action against a wrongdoer, nor to take any special steps to protect the insurer; but it is the insurer's privilege to intervene and protect his own rights, if he sees fit to do so.

Our statute now fully provides for such intervention; but it provides that "intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." Judicature Act, chap. 12, § 11 (3 Comp. Laws 1915, § 12362). The cases cited by the circuit judge in his opinion, we think, fully sustain his position.

The claim is put forward by plaintiff's counsel that the policy here was a valued policy, and *North of England Iron S. S. Ins. Ass'n* v. *Armstrong*, L. R. 5 Q. B. 244, is cited and quoted from as follows:

"We are satisfied that our judgment must be in favor of the plaintiffs; and I ground my judgment upon the general proposition that where the value of the thing insured is stated in the policy in a manner to be conclusive between the two parties, the insurer and the insured, as regards the value, then in respect of all rights and obligations which arise upon the policy of insurance, the parties are estopped between one another from disputing the value of the thing insured as stated in the policy."

It is conceded by defendant's counsel that probably the policy here involved was a valued policy so far as the buildings were concerned, but was an open policy as to the personal property, and it is contended that this can make no difference with the result of this case upon the facts found, it appearing that the amount insured represented only two-thirds of the value.

As opposed to the English doctrine as indicated in the case last cited, counsel for defendant call attention to *The Livingstone,* 65 C. C. A. 610, 130 Fed. 746, where the United States circuit court of appeals for the second circuit deals with this question and disapproves the English rule. It was held there that an insured who had been paid for a total loss, according to the valuation in a valued policy, could recover the real value of the property from the wrongdoer who caused the loss, and could retain everything recovered in ex-

cess of the valuation in the policy paid by the insurer. In other words, the court held that a valued policy did not prevent the insured from recovering and retaining more than the valuation named. The Federal court there referred to the *Armstrong Case,* and said:

"That decision carries no greater weight in this country than is compelled by the force of its reasoning, and, after careful consideration, we are unconvinced by its logic and are unable to accept its conclusions."

It also appears that the *Livingstone Case* was approved by the Supreme Court of the United States, to the extent of denying a writ of certiorari to review it. See 194 U. S. 637 (24 Sup. Ct. Rep. 860). We think the *Livingstone Case* states the better doctrine. What plaintiff really claims is that this policy was a valued policy in the sense that the property was valued at the same amount as the indemnity. But the policy by its terms expressly negatives such a valuation, when it says that the amount insured represents two-thirds of the estimated value.

We are so fully in accord with the views expressed by the learned circuit judge that we think the decree below should be affirmed, with costs to the defendant. It is so ordered.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.