## UNION INSURANCE SOCIETY OF CANTON *v.* CONSOLIDATED ICE CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—PROFFERED DEFENSE.
   On appeal from directed verdict for plaintiff, Supreme Court must assume defendant's evidence to be that offered in support of his defense and refused by trial court.

2. INSURANCE—SUBROGATION—INSURER'S RIGHT TO RECOVER EXCESS OF VALUE FROM INSURED.
   Generally, insurer is subrogated to insured's remedies against those liable for loss, so that insurer which has paid loss may recover from insured any excess (not exceeding amount paid as insurance) of latter's actual loss remaining after application of insurance money which he has recovered from third person who was liable therefor.

3. SAME—STATUTORY POLICY—INSURER'S SUBROGATION RIGHTS.
   Statutory form of policy provides that subrogation under policy may extend not only to right of recovery against any party for loss and damage, but to all contractual rights against any third party (3 Comp. Laws 1929, § 12572).

4. SAME—ACCEPTANCE OF EXECUTORY CONTRACT FROM WRONGDOER.
   Where insurer paid total of insurance, which was only part of loss, and insured later settled action against wrongdoer by accepting latter's agreement to restore building substantially same as old building, insurer is not entitled, under its subrogation rights, to recover money paid insured, under theory that latter has received full satisfaction from wrongdoer, if in fact latter breached executory contract, and building it erected was practically worthless, as claimed by insured.

5. SAME—INSURER HAS RIGHT TO ENFORCE WRONGDOER'S EXECUTORY CONTRACT.
   Where insured settled action against wrongdoer by accepting its agreement to restore building, insurer's right of subrogation extended to said executory contract, so that, on wrongdoer's breach thereof, insurer may not blame insured, since it had same right to enforce contract that insured had.

On right of insurer which has paid the loss as against insured who has recovered against or settled with third persons responsible for the loss, see annotation in 41 L. R. A. (N. S.) 719.

6. CORPORATIONS—REPORTS BY PARTNERSHIP ASSOCIATIONS—STAT-
   UTES—REPEAL BY IMPLICATION.
     Where section 13, Act No. 191, Pub. Acts 1877, as amended (2
       Comp. Laws 1929, § 9921), referring to filing of reports by
       partnership associations and liability of managers for failure
       to comply therewith, was repealed by implication by Act
       No. 233, Pub. Acts 1923, at time claimed cause of action
       accrued, no action may be maintained thereunder.

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted October 4, 1932. (Docket No. 9, Calen-
dar No. 36,412.) Decided December 6, 1932.

Assumpsit by Union Insurance Society of Canton,
Limited, a foreign corporation, and others against
Consolidated Ice Company, Limited, a partnership
association, and others, as subrogees under insur-
ance policies. Cases consolidated for trial. Di-
rected verdict and judgment for plaintiffs. Defend-
ants appeal. Reversed, and new trial granted.

*Charles H. Farrell* and *Claude J. Marshall,* for
plaintiffs.

*Joseph W. McAuliffe, Howard W. Cavanagh,* and
*Walter P. North,* for defendants.

CLARK, C. J. In these consolidated causes the
plaintiff, Union Insurance Society of Canton, and
three other insurers, hereinafter called plaintiff, in-
sured against loss and damage by fire the ice house
of defendant, Consolidated Ice Company. In June,
1923, the building was destroyed by fire. Plaintiff
paid the total of insurance, $4,000, on the loss,
averred to be $17,000, and received receipt, usual in
form, of subrogation to that extent.

The fire, it appears, was due to negligence of City
Ice & Cold Storage Company. Insured commenced

suit in its own name against such third party to re-
cover the full damages. Counsel are agreed that
plaintiff here, although not a party of record in such
suit, encouraged it, giving aid. The suit was settled
on December 24, 1925, ostensibly by parties there-
to, but in fact with plaintiff's help and consent. By
the settlement the suit was discontinued and the de-
fendant there, City Company, signed a contract with
insured, Consolidated Company, in part as follows:

"Prior to December 31, 1926, the defendant shall
at its own cost erect on the demised premises in the
same position as the burned house occupied a new
ice house of the same size, dimensions and substan-
tially the same construction and material as the old
ice house."

Other provisions of the contract relate chiefly to a
leasing by the City Company from the Consolidated
Company of the building to be constructed.

In July, 1929, plaintiff brought this suit at law to
recover back the insurance paid, and had directed
verdict and judgment thereon for full amount of its
claim, less insured's costs and expenses in connec-
tion with the suit against the City Company. De-
fendants have appealed.

Plaintiff's theory is that the insured recovered
from the City Company full loss and damages, and
also received the amount of insurance, and, there-
fore, the total recoveries exceed actual loss by the
amount of insurance paid, less costs, and that plain-
tiff is entitled to the excess.

Defendants' position is that the contract with the
City Company for the new building was executory
merely, that the City Company breached it, did not
erect the building agreed upon, but put up an in-
ferior and nearly worthless structure, of which in-

sured salvaged but $1,200 for lumber, and received by such executory contract not a building worth $17,000, but mere salvage $1,200, and insured contends that, as it received but a total of $5,200, less costs, on its loss of $17,000, it owes plaintiff nothing.

The court directed verdict at the conclusion of plaintiff's case, and refused defendants' offer of proof to support the defense sought to be made. In disposing of the case, verdict having been directed for plaintiff, we must assume defendants' evidence to be that offered and refused.

As to subrogation, we quote from note 41, L. R. A. (N. S.) 720:

"It is generally held, on the principle that a contract of insurance is only a contract of indemnity and that, upon payment of the loss, the insurer is subrogated to the insured's remedies against those liable for the loss, that an insurer which has paid a loss may recover from the insured any excess (not exceeding the amount paid as insurance) of the latter's actual loss remaining after the application of the insurance money, which he has recovered from a third person who was liable therefor."

And syllabus of *Washtenaw Mutual Fire Ins. Co.* v. *Budd,* 208 Mich. 483:

"Where the total amount received by the insured from the insurer and the wrongdoer, after deducting attorney's fees and costs, did not exceed the value of the property destroyed, the insurer was not entitled to subrogation against the insured to the judgment recovered against the wrongdoer."

Counsel on both sides concede this to be the rule.

Subrogation as covered here by the written contract is designed to be as broad as the law of subrogation. The statutory form of policy, 3 Comp. Laws 1929, § 12572, provides that subrogation under the

policy may extend not only to right of recovery against any party for loss and damage, but to all contractual rights against any third party.

From 5 Joyce on Insurance (2d Ed.), § 3572:

"Where the insured has entered into a contract with third parties, by the terms of which such third parties are liable to the insured for any loss or damage to the property insured, the insured will, upon payment of the loss, be entitled to be subrogated to the rights of the insured under the contract."

And, see, *Chicago, etc., R. Co.* v. *Pullman Southern Car Co.,* 139 U. S. 79 (11 Sup. Ct. 490).

The contract between insured and the City Company is within the above description, covers the subject-matter in question, and arose upon liability to the insured for the loss by fire. By consent and cooperation of the insurer it was taken in lieu of the claim for damages in the suit against the City Company. Insurer's asserted right of subrogation is as applicable to the contract as it had been to the claim for damages.

We are not in accord with the holding of the trial judge that insured, on this record, received full satisfaction for its loss by the execution and acceptance of the executory contract to restore the building, although there is authority tending to support such holding.

The theory of recovery is upon an equitable principle, and that is true whether the recovery be in equity or upon the equitable, assumpsit, count of money had and received. The insured should be charged in fixing its total recoveries on the basis of what of value it has received.

In *Washtenaw Mutual Fire Ins. Co.* v. *Budd, supra,* the insured was not chargeable on the face of a judgment obtained against the third party,

wrongdoer, but for the net amount he, as judgment creditor, received in cash upon the judgment.

The author of a note, 36 A. L. R. 1277, says:

"Thus, in *Darrell* v. *Tibbitts* (1880), L. R. 5 Q. B. Div. (Ct. of Appeal) 560, where property leased by the insured was injured by an explosion caused by a gas leakage due to the negligence of the municipality, and the insurance was paid without knowledge by the insurer of the fact that the lessee was bound to make good such injuries, the insurer is, upon the lessee repairing the premises, entitled to recover back money paid to the landlord."

It will be noted that in the above the insured was held to answer, not on the contract of the lessee, but upon full performance of the contract.

See *Shawnee Fire Ins. Co.* v. *Cosgrove,* 86 Kan. 374 (121 Pac. 488, 41 L. R. A. [N. S.] 719); note, 36 A. L. R. 1267; note, 55 A. L. R. 926; 14 R. C. L. § 568, pp. 1404–1406; 33 C. J. p. 43.

In the case at bar, if the insured had recovered judgment in full against the City Company, insured would be held in determining the total of its recoveries only to the net amount received upon it. The situation is not worse for insured because it took, instead, an executory contract, a promise, of the City Company.

The tendered defense ought to have been permitted, and the total of insured's recoveries determined as here indicated. Whether the defense can be substantiated will be learned, of course, in a new trial. If the total amount actually received by insured from plaintiff and from City Company does not in fact exceed the value of the property destroyed, there can be no recovery here.

It is argued that insured had right to sue the City Company for breach of its contract. Insurer's claim

of subrogation, as we have seen, extended to the contract, just as it theretofore had covered the claim for damages. There is no showing that insurer requested or sought action. It was free to act. The insured was not required ''to take any special steps to protect the insurer.'' *Washtenaw Mutual Fire Ins. Co.* v. *Budd, supra.* Insurer was in as good a position to enforce subrogation in respect of the contract as it had been in respect of damages for the tort. If prejudice has resulted by reason of the failure to assert breach of contract against the City Company, it is no more the fault of insured than of insurer. Neither may blame the other.

Liability of remaining individual defendants, who were managers of defendant Consolidated Ice Company, a partnership association, is dependent upon section 13, Act No. 191, Pub. Acts 1877 (2 Comp. Laws 1929, § 9921), being in force when it is claimed a cause of action accrued, viz.: ''December 24, 1924, or some time in 1925.'' The statute was repealed by Act No. 233, Pub. Acts 1923, and was not in effect at the time. *Whitney Realty Co.* v. *Secretary of State,* 228 Mich. 96.

Reversed, with costs to appellant. New trial granted.

McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred. NORTH, J., did not sit.