Hillsborough,
No. 4806.

PHILIP D. COBURN, d/b/a
COBURN & SONS

*v.*

JAMES ROGERS.

Argued January 5, 1960.

Decided February 29, 1960.

426

*McLane, Carleton, Graf, Greene & Brown* and *David L. Nixon* (*Mr. Nixon* orally), for the plaintiff.

*Devine, Millimet & McDonough* and *Bartram C. Branch* (*Mr. Branch* orally), for the defendant.

LAMPRON, J.    Plaintiff's position is stated in his brief as follows: "The right of subrogation is an equitable one . . .  Whether it may be the basis for recovery back by an insurer from its insured of policy proceeds paid, after recovery by the latter from a tortfeasor, depends generally upon what justice requires in the particular situation.  Such recovery back is uniformly denied where, as here, the insured's losses and expenses exceed the insurance award and recovery from the tort-feasor, especially where, also as here, the insurer, after notice, fails or refuses to aid or join its insured in the suit against the tort-feasor."  Applied to the facts of this case, plaintiff argues that where in his suit against Rogers he proved damages of about $703 and his expenses of litigation were $295.57 for a total of $998.57 and he was paid $336.93 by Hanover and obtained a verdict against Rogers of $350 totaling only $686.93, there should be no recovery by Hanover nor by its assignee, National of Hartford, whose rights are no greater.

The proposition advanced by plaintiff is well supported.  *Sun Ins. Office* v. *Hohenstein*, 220 N. Y. S.  386 (Mun. Ct.) ; *Shawnee Insurance Co.* v. *Cosgrove*, 85 Kan. 296; *Washtenaw Fire Ins. Co.* v. *Budd*, 208 Mich. 483; 46 C. J. S. 155; 6 Blashfield (Pt. 2), Cyclopedia of Automobile Law and Practice 447.  However a careful examination of the authorities, including those cited by plaintiff, reveals it is not applicable to the facts of this case.

If plaintiff's own insurer were attempting to recover a part of plaintiff's verdict in reimbursement for what it paid him, as indemnity against loss caused by the defendant, plaintiff's position would be well taken.  However, in this case the defendant has a release in the amount of $336.93 for the damage caused to the door of plaintiff's filling station.  In his suit against Rogers, plaintiff

included this damage as an element of his claim, offered proof of it at the trial, and the jury was instructed to consider it in arriving at its verdict which it returned in the amount of $350. There is no equitable reason why Rogers should be required to reimburse the plaintiff for the expenses incurred in maintaining an action against him to recover this damage for which he had been given a release.

It is true that plaintiff in his action was endeavoring to recover also for non-reimbursed losses against which the release would not entitle the defendant to a credit. By defendant's motion made before trial and the Court's order thereon, however, plaintiff had been placed on notice that a credit would be sought for the payment made for damage to the door. He therefore had the burden of asking for special verdicts if he wanted to claim that a definite portion or all of the damage awarded by the jury was for losses for which he had not been reimbursed already and against which defendant's release would not apply. See *Hayward* v. *State Farm Mut. Auto Ins. Co.*, 212 Minn. 500; anno. 140 A. L. R. 1241, 1246; 42 Colum. L. Rev. 1368, 1371.

The order of the Trial Court granting defendant a credit of $336 against the general verdict for plaintiff in the amount of $350 was proper. *Burke* v. *Burnham*, 97 N. H. 203, 210.

*Exceptions overruled.*

All concurred.