## DeSantis v. American Mutual Liability Insurance Company

*Alexander A. DiSanti,* for plaintiffs.

*Peter A. Dunn,* for defendant.

SAND, J., May 28, 1971.—This matter arises out of a petition to confirm an arbitration award entered in an action on the uninsured motorist provision of petitioner's policy with respondent. Though the arbitrator evaluated the claim of husband-petitioner to be $29,000 and the claim of his wife to be $71,827, the award was limited to $10,000 on each claim by the extent of coverage provided. In the meantime, an action in trespass was instituted in the Court of Common Pleas of Delaware County by petitioners against the tortfeasor. The parties having disagreed on the provisions of a trust receipt required by respondent prior to payment, the petitioners instituted this action

to confirm the arbitrator's award and order payment. After argument, the court ordered, December 10, 1969, that respondent submit to petitioners a form of trust receipt providing, in part:

"In the event of a recovery by the undersigned, the company shall be reimbursed out of such recovery to the extent of the payment made to the undersigned for which this is a receipt, limited however, to the amount, if any, by which said recovery (less reasonable attorneys' fees and expenses related thereto) added to the said payment exceeds the damages suffered by undersigned caused by the said uninsured automobile, as said damages may be determined by verdict rendered in a court of law."

The court further ordered that the revised trust receipt be tendered to petitioners within 20 days of the order, their execution of it to entitle them to prompt payment of the awards. This order was confirmed and affirmed January 28, 1971, after reargument. Respondent's appeal has made this opinion necessary.

The order appealed from is based on these principles of insurance and subrogation: (1) When an insured recovers from the wrongdoer an amount which, together with the amount already received from the insurer, exceeds the loss actually sustained, he holds the excess as trustee for the insurer; (2) the excess is the balance remaining only after full compensation for the loss sustained, including the costs and expenses of making the recovery: Aetna Insurance Co. v. Confer, 158 Pa. 598; Washtenaut Mut. Fire Ins. Co. v. Budd, 208 Mich. 483, 175 N.W. 231 (1919).

To the extent that the policy language provided by respondent denigrates the right of the insured to be fully compensated before the insurer is subrogated, we hold that such language is repugnant to the Act of

August 14, 1963, P. L. 909, 40 PS §2000 (mandating the inclusion of uninsured motorist coverage of no less than $10,000 per person and $20,000 per accident in all automobile liability insurance policies issued in Pennsylvania) and is, therefore, of no effect: Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389; White v. Nationwide Mut. Ins. Co., 361 F.2d 785; Bryant v. State Farm Mut. Ins. Co., 205 Va. 897, 140 S.E. 2d 817 (1965).