MATSON v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

1. INSURANCE—COURTS—CONTRACT INTERPRETATION—LIBERAL CON-
   STRUCTION—STRICT CONSTRUCTION.

   An insurance contract which requires judicial interpretation will
   be liberally construed in favor of the insured and strictly
   construed against the insurer.

2. CONTRACTS—PROMISE TO PAY—CONSIDERATION—BINDING EFFECT—
   INSURANCE RELEASE AGREEMENT—LIABILITY OF INSURER—FIDU-
   CIARIES.

   A promise to pay is not binding if made without consideration
   and where a parent of a deceased child signs an insurance
   release agreement both as administrator of the child's estate
   and in his individual capacity there is no consideration to bind
   him individually where the policy liability ran only to the
   child; therefore, a recovery by the parent for the death of his
   daughter under the dramshop act is not subject to the claims of
   the insurer under the release agreement made by the parent as
   fiduciary.

3. INSURANCE—AUTOMOBILE INSURANCE—LIMITATION OF LIABILITY—
   UNINSURED MOTORIST—RECOVERY—OTHER PARTY'S LIABILITY.

   An insurance contract may limit the liability of the insurer to an
   insured under uninsured motorist coverage by reducing the
   amount payable under the coverage by other sums paid to the
   insured by any other person or organization liable for the
   injury.

4. INSURANCE—STATUTES—DRAMSHOP ACT—REDUNDANCY OF DAMAGES
   —POLICY PROVISIONS—LIMITATION OF LIABILITY—CONSTRUCTIVE
   TRUST.

   The dramshop act was not intended to allow a plaintiff a redun-
   dancy of damages, and where an insurer contracts that it's

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 271 *et seq.*
[2] 17 Am Jur 2d, Contracts § 397 *et seq.*
[3, 4] 7 Am Jur 2d, Automobile Insurance §§ 200–203.
[4] 76 Am Jur 2d, Trusts § 221 *et seq.*

liability for uninsured motorist coverage will be reduced by all sums paid to the insured by any other person or organization liable for the injury, and where the insurer has made payment in accordance with its policy, amounts up to or equaling the payments by the insurer which were received by the insured as a recovery under the dramshop act must be held in trust for the insurer in accordance with the policy provisions (MCLA 436.22).

Appeal from Houghton, Stephen D. Condon, J. Submitted October 14, 1975, at Marquette. (Docket No. 22371.) Decided November 24, 1975.

Complaint by Edsel Matson, for himself and as administrator of the estate of Linda Marie Matson, deceased, for a declaratory judgment of liability under an insurance release agreement. Judgment for defendant. Plaintiff appeals. Affirmed in part, reversed in part, and remanded.

*Wisti & Jaaskelainen* (by *James E. Kliber),* for plaintiff.

*Humphrey & Weis,* for defendant.

Before: ALLEN, P. J., and DANHOF and M. F. CAVANAGH, JJ.

DANHOF, J. On August 13, 1973, the plaintiff, Edsel Matson, brought the present action seeking declaratory judgment against the defendant, State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm). The trial court declared a judgment in favor of the defendant against the plaintiff. The plaintiff appeals of right.

The instant case arises out of an accident that occurred on June 6, 1971, in which the plaintiff's minor daughter, Linda Marie Matson, was struck and killed by an automobile driven by Edward A.

Soronen, an uninsured motorist. Subsequently, the plaintiff, as father and administrator of the estate of his deceased daughter, brought a civil suit against the uninsured motorist under the wrongful death act (MCLA 600.2922; MSA 27A.2922) and against Stowe Enterprises, Inc. under the dram-shop act (MCLA 436.22; MSA 18.993).[1]

The defendant insured the plaintiff and the members of his family under two policies of insurance, both of which provided for uninsured motorist coverage. Pursuant to the above policies, State Farm made full payment to the plaintiff, as administrator of his deceased daughter's estate, and to the plaintiff and his wife, Eunice Matson, individually and as parents of the deceased, in the amount of $20,000.

The policy provisions dealing with the uninsured motorist coverage specify in relevant part:

"COVERAGE U—*Damages for Bodily Injury Caused by Uninsured Automobiles.* To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;

\* \* \*

"13. Limits of Liability.

"(b) Any amount payable under this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:

"(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner

---

[1] On appeal, *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974), *lv den,* 394 Mich 762 (1975).

or operator for such bodily injury including all sums paid under coverage A;

\* \* \*

"16. Trust Agreement. In the event of payment to any person under this coverage:

"(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

"(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this coverage;

"(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

"(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorney's fees incurred by it in connection therewith;

"(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision."

The plaintiff further signed a receipt in the capacities noted above. The receipt, entitled "Release and Trust Agreement", contained the following provision:

"For the consideration aforesaid, and to the extent of any payment made thereunder, the undersigned agrees to hold in trust for the benefit of the Company all rights of recovery which he shall have against any

person or organization legally liable for such bodily injuries, and assigns to the Company the proceeds of any settlement with or judgment against such person or organization."

The trial court declared "that defendant shall be entitled to be reimbursed from any recovery plaintiff shall have against any person or organization legally liable for any injuries and damages arising out of the accident which occurred on or about June 6, 1971, including any recovery under the dramshop act, and that any amounts of recovery up to the amount of Twenty Thousand ($20,000.00) Dollars are to be held in trust by the plaintiff for the benefit of the defendant".

The issue raised on appeal is whether the trial court committed reversible error by determining that the insurer was entitled to be reimbursed by the plaintiff pursuant to the trust provisions agreed to by the parties.

Where an insurance contract requires judicial interpretation, it is a well established rule that the contract will be liberally construed in favor of the insured and strictly construed against the insurer. See *Arrigo's Fleet Service, Inc v Aetna Life & Casualty Co,* 54 Mich App 482, 487, fn 5; 221 NW2d 206 (1974), *lv den,* 392 Mich 812 (1974), and the cases cited therein.

Further, it is a fundamental principle of contract law that "a promise to pay is not binding if made without consideration". *Kirchhoff v Morris,* 282 Mich 90, 95; 275 NW 778 (1937).

In the instant case, the defendant insurer was obligated under the coverage section, quoted, to pay the insured or his (her) legal representative those damages which the insured was legally entitled to recover from the uninsured motorist. In line with its obligation, the defendant insurer

carried out its performance under the contract by paying the representative of the deceased, Edsel Matson, the $20,000 required under the policy. In return for its performance to the insured, the defendant secured a signed release and trust agreement from Edsel Matson, both as administrator of his daughter's estate and individually. However, in construing the contract in favor of the insured, the performance by the insurer must be deemed to have run only to the person to whom the liability ran, the deceased daughter. She was the insured, not her father. Thus, there was no consideration for the plaintiff's signing of the agreement in his individual capacity. Therefore, the plaintiff is not bound by the trust agreement in his individual capacity.

On the other hand, an insurer may limit his liability to the insured under the uninsured motorist coverage in that the amount payable under the coverage may be reduced by other sums paid to the insured by any other person or organization liable for the injury. See *Michigan Mutual Liability Co v Karsten,* 13 Mich App 46; 163 NW2d 670 (1968), *lv den,* 381 Mich 792 (1968).

The statute relevant to this appeal, the dramshop act, reads in pertinent part, MCLA 436.22; MSA 18.993:[2]

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused

---

[2] While not affecting the instant case, the portion of the dramshop act quoted herein would not include the 1972 amendment. *See Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d 461 (1974), *lv den,* 393 Mich 776 (1974).

or contributed to any such injury, and the principal and sureties to any bond given under this law shall be liable, severally and jointly, with the person or persons selling, giving or furnishing any spirituous, intoxicating or malt liquors as aforesaid, and in any action provided for in this section, the plaintiff shall have the right to recover actual and exemplary damages in such sum not less than $50.00 in each case as the court or jury may determine, but no surety shall be liable in excess of the amount of the bond required by this act. Any action shall be instituted within 2 years after the happening of the event. In case of the death of either party, the action or right of action given in this section shall survive to or against his or her executor or administrator, and in every such action by a husband, wife, child or parent, the general reputation of the relation of husband and wife or parent and child shall be prima facie evidence of such relation, and the amount so recovered by either husband or wife or parent and child shall be his or her sole and separate property."

However, the dramshop act was not intended to allow the plaintiff a redundancy of damages. *Robertson v Devereaux,* 32 Mich App 85, 92, fn 9; 188 NW2d 209 (1971).

While Edsel Matson is not bound by the trust agreement in his individual capacity, he is bound by the agreement as administrator of his daughter's estate. The dramshop act gives him a right to recover for injury to person or property in his own name. The defendant has no claim under the policy to that recovery. Yet, the dramshop act does not prevent the trust agreement from being enforced against his daughter's estate. As the insured under the policy, the estate is bound by its provisions. Those amounts received by the estate as a recovery under the dramshop act must be held in trust for the defendant in accordance with the provisions of the insurance policy.

Affirmed in part, reversed in part. Remanded for further proceedings consistent with this opinion. No costs, neither party prevailing in full.