MICHIGAN MUTUAL INSURANCE COMPANY v SHAHEEN

Docket No. 43340. Submitted November 7, 1979, at Lansing.—Decided November 6, 1980. Leave to appeal applied for.

Michigan Mutual Insurance Company brought an action against William A. Shaheen, Sr., and Kassab Daher for monies to which it claimed it was entitled pursuant to the terms of a subrogation agreement between itself and defendants. Plaintiff had paid defendant Daher compensation for injuries he sustained in an accident with an uninsured motorist under the uninsured motorist provisions of his policy. Defendant Daher signed a subrogation agreement in favor of plaintiff in the presence of his attorney, defendant Shaheen. Defendant Daher later received additional monies in settlement of suits against other parties involved in the accident. Plaintiff demanded payment pursuant to the terms of the agreement, and was refused the total amount of its claim. Both defendants moved for summary judgment, which motions were granted, Genesee Circuit Court, Ollie B. Bivins, Jr., J. Plaintiff appeals. *Held:*

1. The trial court properly granted defendant Shaheen's motion. Plaintiff did not allege that Shaheen was contractually committed to it pursuant to the terms of the written release, the trust agreement executed by defendant Daher, or an express or implied separate contract. Nor did plaintiff allege the existence of a professional attorney-client relationship between it and defendant Shaheen.

2. Defendant Daher is entitled to compensation for his injuries only to the extent of his actual loss, including costs and attorney fees. Double recovery is not permitted. The trial court

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61 Am Jur 2d, Pleading §§ 229, 235.
[3] 61 Am Jur 2d, Pleading §§ 71, 72.
[4] 66 Am Jur 2d, Restitution and Implied Contracts § 11.
[5, 6] 7 Am Jur 2d (Rev), Automobile Insurance §§ 293, 298.
  Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.
[7-12] 7 Am Jur 2d (Rev), Automobile Insurance § 334.
  7A Am Jur 2d, Automobile Insurance § 445.
  44 Am Jur 2d, Insurance § 1820 *et seq.*

did not determine whether defendant Daher had been fully compensated or whether he received duplicate recovery for his injuries. Thus, the granting of Daher's motion for summary judgment was improper.

Affirmed as to defendant Shaheen; reversed and remanded as to defendant Daher.

DANHOF, C.J., concurred. He would reason that with regard to defendant Daher the trust agreement which provided for subrogation was signed by defendant Daher after plaintiff's obligation to pay benefits to him arose and did not constitute a legally sufficient consideration to support the terms of the agreement. Therefore, the principles of equitable subrogation should impose the equivalent of an equitable trust in favor of plaintiff for that amount of the proceeds which defendant Daher recovered in excess of his actual loss.

OPINION OF THE COURT

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — LEGAL SUFFI-
   CIENCY OF CLAIM — COURT RULES.
   A motion for summary judgment based on a challenge to the legal sufficiency of a claim should be tested on the pleadings alone (GCR 117.2[1]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — TEST — COURT
   RULES.
   The test to be applied by a trial court in determining a motion for summary judgment for failure to state a claim upon which relief can be granted is whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, and, in examining the pleadings, the court should accept every well-pled allegation, and all conclusions that can reasonably be drawn from the factual allegations, as true (GCR 117.2[1]).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — TRUSTS — CON-
   TRACTS.
   A motion for summary judgment for failure to state a claim upon which relief can be granted should be granted in an action for recovery of money pursuant to a trust agreement where the plaintiff fails to allege that the defendant is contractually, expressly or impliedly, committed to him.

4. IMPLIED CONTRACT — GROUNDS FOR EXISTENCE — EQUITY.
   An implied contract should be found to exist where a party has received a benefit from another party which it is inequitable for him to retain.

5. INSURANCE — LIMITS OF LIABILITY — UNINSURED MOTORIST PROVISIONS — AMOUNTS PAYABLE.

An insurance contract may limit the liability of an insurer to an insured under its uninsured motorist provisions by providing for the reducing of the amount payable under the coverage by sums paid the insured by any other person or organization liable for an injury.

6. INSURANCE — UNINSURED MOTORIST INSURANCE — PURPOSE.

The purpose of uninsured motorist insurance coverage is to place the victim of the uninsured motorist in the same position he would have occupied had the tortfeasor been insured.

7. INSURANCE — UNINSURED MOTORIST INSURANCE — CONSIDERATION FOR PROMISES.

Uninsured motorist insurance proceeds which do not fully compensate a victim for his loss do not constitute consideration for the execution of a release and a trust agreement in which the victim agrees to hold all rights and claims he may have against any others for the benefit of the insurer.

8. INSURANCE — UNINSURED MOTORIST INSURANCE — REIMBURSEMENT OF CARRIERS.

A victim of an accident involving an uninsured motorist should be compelled to reimburse his insurance carrier which has made payments to him under the terms of his policy for proceeds received which exceed the damages actually suffered by him, including costs and attorney fees.

CONCURRENCE BY DANHOF, C.J.

9. INSURANCE — PROCEEDS — EQUITABLE SUBROGATION.

*An equitable subrogation imposes the equivalent of an equitable trust upon the recovery of an injured person in favor of an insurer who has paid the loss in part or in full; the limit of the insurer's right is the amount by which the payment by the insurer and the insured's recovery from third parties exceeds his actual loss.*

10. INSURANCE — EQUITABLE SUBROGATION.

*No contract is required to give rise to an equitable subrogation.*

11. INSURANCE — SUBROGATION CONTRACTS — EQUITABLE SUBROGATION.

*A contract made between an insured and an insurer for benefits will control the relationship of the parties even though the*

insured has made subrogation promises inconsistent with ordinary rules of equitable subrogation.

12. INSURANCE — UNINSURED MOTORIST INSURANCE — SUBROGATION AGREEMENTS.

Payment of uninsured motorist insurance by an insurer pursuant to a preexisting unconditional duty is legally insufficient consideration to support a subrogation agreement with the recipient of the proceeds.

*Joseph H. Delaney,* for plaintiff.

*Christine D. Oldani* and *Charles T. McGorisk,* for defendant Shaheen.

*Norman N. Gottlieb,* for defendant Daher.

Before: DANHOF, C.J., and MACKENZIE and J. H. PIERCEY,* JJ.

PER CURIAM. On June 22, 1973, defendant Kassab Daher was a passenger in an automobile insured by plaintiff, Michigan Mutual Insurance Company. The car was involved in an accident with another vehicle, the driver of which was uninsured. Daher filed a claim with the insurance company for payment of $20,000 under the uninsured motorist provision of the policy. In return for payment, Daher, in the presence of his attorney, defendant Shaheen, signed a release and a trust agreement wherein he agreed to be a trustee in consideration of payment on his claim and to hold, for the benefit of plaintiff, all rights and claims which he had against any other parties involved in the action.

Defendants instituted suit against other parties involved in the action, including a bar. Defendant Daher received a net sum of $40,000 in settlement. Plaintiff made a demand for the $20,000 pursuant

* Circuit judge, sitting on the Court of Appeals by assignment.

to the trust agreement but was informed that it could only be paid $2,500.

Plaintiff brought suit against defendants Shaheen and Daher. Daher moved for summary judgment based on GCR 1963, 117.2(1) and (3). Shaheen moved for summary judgment based on GCR 117.2(1). The motions were granted by the trial judge. Plaintiff appeals as of right.

Defendant Shaheen's motion for summary judgment was based on GCR 1963, 117.2(1), which is concerned with the legal sufficiency of a claim. Such a motion is tested on the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). In examining the pleadings, the trial court is obliged to accept every well-pled allegation as true. The court must also accept as true all conclusions that can reasonably be drawn from the factual allegations. The applicable standard is whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).

The trial court relied upon *Rogers v Horvath,* 65 Mich App 644; 237 NW2d 595 (1975), in granting Shaheen's motion for summary judgment based on GCR 1963, 117.2(1). In *Rogers,* this Court held that a plaintiff has no cause of action for medical malpractice against a physician who examined her on behalf of her employer in preparation for testifying before a workmen's compensation referee and not for plaintiff's benefit to diagnose or treat an ailment.

We agree with the trial court's ruling in the instant case that plaintiff's complaint does not state a claim against Shaheen upon which relief can be granted. The complaint does not allege that

Shaheen was contractually committed to the plaintiff either by the written release and trust agreement or by a separate contract, express or implied. Plaintiff contends that it set forth a cause of action for breach of implied contract. To have an implied contract, however, the defendant must have received a benefit from the plaintiff, one that is inequitable for defendant to retain. *Moll v Wayne County*, 332 Mich 274; 50 NW2d 881 (1952). Plaintiff has not indicated what benefit Shaheen received from the plaintiff. The benefit of the insurance settlement paid by plaintiff went to Daher, who was the party to the release and trust agreement.

Further, the complaint does not allege that there existed a professional attorney-client relationship between plaintiff and the defendant. In fact, the contrary is clearly implied by the fact that, throughout the complaint, Shaheen is referred to as Daher's attorney.

Thus, at most, plaintiff's complaint alleged that, although Shaheen was aware of Daher's obligations under the release and trust agreement, he assisted Daher in retaining the money. The allegation is insufficient to allege a breach of contract claim.

Defendant Daher's motion for summary judgment under GCR 1963, 117.2(1) and (3) was based on two separate grounds. Daher first alleged that the release and trust agreement relied upon by the plaintiff were executed without good and valuable consideration, rendering these agreements unenforceable. Daher admits that he signed the release and trust agreement and that the plaintiff paid Daher's claim under the plaintiff's insurance policy in consideration for Daher's signing the release and trust agreement.

In *Matson v State Farm Mutual Automobile Ins Co,* 65 Mich App 713; 238 NW2d 380 (1975), this Court held that an insurance contract may limit the liability of the insurer to an insured under uninsured motorist coverage by reducing the amount payable under the coverage by other sums paid to the insured by any other person or organization liable for the injury. A trust agreement was signed by the insured similar to that signed by Daher here. This Court found the agreement was supported by consideration and enforceable against the estate of the insured. No question arose in *Matson* as to whether the amount of payment represented by the uninsured motorist insurance coverage compensated the insured for damages suffered. The Court, in fact, was concerned that recovery on the uninsured motorist coverage and additional recovery under the dramshop act would result in a redundancy of damages.

The insured here argues that there is no consideration for the execution of the release and trust agreement because even receipt of the uninsured motorist insurance proceeds and the dramshop payment do not fully compensate him for his losses. This Court has held that the purpose of uninsured motorist coverage is to place the victim of the uninsured motorist in the same position he would have occupied had the tortfeasor been insured. *Reliance Ins Co v Haney,* 54 Mich App 237; 220 NW2d 728 (1974), *Saari v State Farm Mutual Automobile Ins Co,* 72 Mich App 278; 249 NW2d 390 (1976). We therefore agree that, unless the insured was made whole, there was not consideration for his promise to reimburse the plaintiff.

Daher's motion for summary judgment was also based on the contention that plaintiff's action is barred because it is contrary to and in violation of

public policy. Daher argues that public policy requires that the trust agreement be interpreted to entitle the insurer to be subrogated to the proceeds of any settlement only if the injured party has been fully compensated for his losses. Plaintiff contends that the sole interpretation of the trust agreement imposes no conditions on the right of the insurance company to be subrogated to the proceeds of any settlement or judgment from any person legally responsible up to the amount actually paid to the insured.

We find that the trust agreement should be interpreted to compel defendant Daher to reimburse the plaintiff uninsured motorist carrier for that amount of defendant's recovery which exceeds damages defendant has suffered, including costs and attorney fees. Plaintiff is liable for the amount of damages suffered, reduced by the settlement amount, the liability not to exceed $20,000. *Michigan Mutual Liability Co v Karsten,* 13 Mich App 46; 163 NW2d 670 (1968), *Michigan Mutual Liability Co v Mesner,* 2 Mich App 350; 139 NW2d 913 (1966). Thus, Daher is entitled to be compensated for his injuries, but only to the extent of his actual loss, including costs and attorney fees; double recovery is not permitted.

The issue of whether the insured has been fully compensated or whether there has been duplicate recovery has not been determined. Therefore, summary judgment was improper.

Affirmed as to defendant Shaheen; reversed and remanded as to defendant Daher for a determination of the amount of his damages.

DANHOF, C.J. *(concurring).* I agree with the majority that defendant Shaheen bears no liability to the plaintiff, having never formed an attorney-cli-

ent relationship with it. I also agree that the insurer's recovery of the $20,000 in uninsured motorist benefits that it paid to defendant Daher must be conditioned on Daher's full recovery for his injury. However, I cannot accept the reasoning that has led the majority to their conclusion on this point.

The priorities in Daher's recovery set by the majority are those that would result under the equitable principles of subrogation, also called in the cases "common law subrogation" or "legal subrogation". This device imposes the equivalent of an equitable trust upon the recovery of an injured person in favor of an insurer who has paid the loss in part or in full; the limit of the insurer's right is the amount by which the insurance payment and the insured's recovery from third parties exceeds his actual loss. No contract is required to give rise to an equitable subrogation. See *Washtenaw Mutual Fire Ins Co v Budd,* 208 Mich 483; 175 NW 231 (1919), and *Union Ins Society of Canton v Consolidated Ice Co,* 261 Mich 35; 245 NW 563 (1932).

However, when an insured contracts for benefits from an insurer and makes "subrogation" promises that are inconsistent with the ordinary rules of equitable subrogation, the contract controls their relationship, which is sometimes described as "conventional" subrogation. This precedence of contract over the unaided operation of law was recognized in *Consolidated Ice, supra,* and discussed briefly in *Hoosier Condensed Milk Co v Doner,* 96 Ohio App 84; 121 NE2d 100 (1951), and *Hardware Mutual Ins Co v Dunwoody,* 194 F2d 666 (CA 9, 1952). It was applied to the detriment of insureds in *Travelers Indemnity Co v Ingebretsen,* 38 Cal App 3d 858; 113 Cal Rptr 679 (1974),

and *Pettengill v New Hampshire Ins Co,* 129 Vt 23; 270 A2d 883 (1970). In the former case, the insured claimed that the conventional subrogation to which he had agreed would prevent full recovery for his loss. *Cf., Detroit v Bridgeport Brass Co,* 28 Mich App 54; 184 NW2d 278 (1970), *lv den* 384 Mich 828 (1971).

In *Matson v State Farm Mutual Automobile Ins Co,* 65 Mich App 713; 238 NW2d 380 (1975), this Court enforced a conventional subrogation arising from a "Trust Agreement" written into the policy obligating an insurer to pay uninsured motorist benefits, upholding the trial court's judgment that the insurer was entitled to *pro tanto* recovery of its payment from whatever recovery the decedent-insured's representative might have against third parties.[1] In my opinion, *Matson's* enforcement of a contractually created "subrogation" right should control here, if it is shown that the plaintiff and the defendant formed a binding contract to that effect, for this "trust agreement" explicitly grants the insurer priority in the plaintiff's recovery from third parties.

In *Matson,* the "trust agreement" was binding because it was shown to be a part of the agreement that gave rise to the insurer's obligation to pay uninsured motorist benefits in the first instance. On the other hand, the plaintiff in this action has relied solely on the "trust agreement" signed by defendant Daher after the loss occurred. the insurer's pleadings do not claim that the policy under which it paid the defendant bound the policyholder or persons claiming payment under

[1] *Michigan Mutual Liability Co v Karsten,* 13 Mich App 46; 163 NW2d 670 (1968), *lv den* 381 Mich 792 (1968), cited by my colleagues, is not to the contrary, for that case did not consider the effect of a policy "trust agreement" on the insurer's right to participate in the insured's recovery from third party tortfeasors.

the policy to hold those proceeds for the company. Thus, so far as is shown in this case, the payment to Daher was the preexisting unconditional duty of the insurer and so is not legally sufficient consideration to support his asserted obligation under the "trust agreement".

I therefore concur in the result reached by the majority.