KIRCHHOFF *v.* MORRIS.

1. CONTRACTS—ESSENTIAL ELEMENTS.

> An offer and acceptance as well as a consideration are necessary in order to make a contract, mere discussions and negotiations, or even unaccepted offers of settlement being insufficient substitutes for formal requirements.

2. MINES AND MINERALS—USE OF ABANDONED DRY WELLS—CONSIDERATION.

> Claimed oral agreement for use of dry well, drilled to a depth of 1,772 feet by plaintiffs who then abandoned the lease, and defendants who entered upon the lands after formal termination of sublease to plaintiffs by lessees, deepened the dry well and turned it into a producing well *held,* not binding upon defendants since it was without consideration as it was merely defendants' naked promise to pay plaintiffs for something they neither owned nor controlled.

3. SAME—ABANDONED DRY WELL—PROPERTY RIGHTS.

> After sublessee of oil lease, who drills a dry well, abandons the lease and lessee subsequently terminates the sublease formally in accordance with the terms thereof, the sublessee has no property rights therein.

Appeal from Ogemaw; Bilitzke (Edward A.), J. Submitted October 5, 1937. (Docket No. 10, Calendar No. 39,605.) Decided November 10, 1937.

Assumpsit by Martin L. Kirchhoff and Henry W. Schulty, trustees, against Arthur R. Morris and Charles Van Keuren for sums allegedly due for pipe and an oil well. Judgment for plaintiffs. Defendants appeal. Reversed in part and remanded.

*Raymond R. Kendrick,* for plaintiffs.

*Smith & Hunter* and *Charles E. Ecker,* for defendants.

BUSHNELL, J.  This is an action in assumpsit.  Defendants appeal from a judgment of $2,034.50, entered upon the findings of the trial court, sitting without a jury.

On September 18, 1933, Floyd Fisk, the fee owner of land in the county of Ogemaw, entered into an oil and gas lease with Edward Christman as lessee, William T. Yeo subsequently acquiring an undivided 1/32 interest in the lease.  On January 10, 1934, Christman and Yeo made an agreement whereby they assigned this lease to the plaintiffs, trustees, reserving, however, one-eighth of the oil, gas, etc., produced to themselves.  This agreement required the trustees to commence drilling on or before the 19th of January and continue to a depth of at least 35 feet into the Traverse formation, and that, should the first well drilled be a dry hole, a second well should be commenced within 60 days after the completion of the first, and the failure to drill as thus required should constitute a termination of the lease.

Plaintiffs went upon the land and drilled a well some 1,772 feet and into the Traverse formation.  This drilling did not result in a productive well and plaintiffs claim that certain discussions were thereafter had regarding further drilling, extensions of time, etc.  Plaintiffs say that Christman and Yeo subsequently obtained an extension of time from the original lessor, Fisk, but, instead of dealing with these plaintiffs, they entered into a new agreement with defendants who thereafter went upon the lands, drilled two wells, and produced oil in large quanti-

ties; that soon thereafter defendants deepened the dry well, which also produced much oil. It is plaintiffs' claim that the defendants agreed that, if they found the dry well in condition to be used, they would pay plaintiffs a reasonable sum for the use of the dry hole. Defendants specifically deny any negotiations with plaintiffs for the use of the dry hole or any agreement to pay for same and say the claimed conversations only pertained to their attempt to purchase some 1,700 feet of 6⅝-inch pipe lying on the ground near the abandoned well.

The details of plaintiffs' bill of particulars are as follows:

"600 feet of two-inch pipe and couplings $152.83
Oil well drilled to a depth of 1,752 feet, together with pipe and fittings located therein, situate on the S. E. ¼ of the S. E. ¼ of section 20, T. 22 N. R. 2 E., Ogemaw county, Michigan, appropriated by defendants and converted to their own use..................... 5,300.00"

Plaintiffs' $152.83 item is not disputed by defendants except as to amount and covered some two-inch pipe that was brought from an adjoining location. The court found this pipe to be worth $34.50 and appellants make no complaint as to this finding.

The record shows that the original Fisk-Christman lease provided for termination in the event no well was commenced on or before March 18, 1934, or in the event the first well drilled should prove to be dry and a second well was not commenced within three months from the date of completion of the first. The agreement between the Fisk lessees and plaintiffs referred to the recorded Fisk lease and the assignment of a portion to Yeo and provided for ter-

mination upon like conditions within the time limits of the original lease. Plaintiffs Kirchhoff and Schulty testified as to the details of the agreement, what transpired thereunder, etc., and each admitted that the well drilled by them was unproductive and that after February 27, 1934, they moved all of their equipment, except the casing in the dry hole, off the land. On cross-examination, plaintiff Schulty admitted that he knew the lease had expired and that, during the months from May to August, nothing was done in the matter except to carry on conversations with their lessors and these defendants.

On September 6, 1934, Christman and Yeo served a formal notice upon plaintiffs that their contract was terminated by noncompliance with its terms. Schulty said, on cross-examination, that he understood that their rights had terminated but that they may have retained some interest in the property as a matter of law. Plaintiffs paid the driller for the 10-inch drive and 8½-inch casing pipe located in the well, but this pipe was not pulled from the hole apparently because it would cost all it was worth to get it out.

Defendants went upon the land under an agreement with Christman and Yeo, dated September 7, 1934, similar in terms to the Kirchhoff-Schulty lease. They denied emphatically that they ever made any representations to plaintiffs with respect to any payment for the use of the dry hole.

The trial judge in his opinion, seemingly, reached his conclusions by reasoning from the premise of an oral agreement on the part of defendants to pay plaintiffs for the use of some claimed property right. The court said that there could be no recovery for the value of the pipe in the ground because, under the testimony, that action, if any, should have been

brought against Christman and Yeo. We quote a portion of the court's opinion:

"Defendants' counsel urges with force, that plaintiffs herein lost all right to said premises and to said well or hole by reason of their failure to drill a second well within the time required by said contract, and that upon such failure the contract was at an end. That no notice was necessary to terminate said contract.

"Admitting counsel's contention in that regard, plaintiffs' right to recover is founded upon the claim, supported by testimony to the effect that after such contract rights were at an end, the defendants herein voluntarily met with said trustees, and expressly recognized a property right remaining in said trustees by offering to settle for the well or hole by paying the fair value thereof. The court is satisfied that the plaintiffs' proof establishes such a recognition of property interest and that such an offer of settlement was made on the part of these defendants.

"Not only have defendants herein by their own conduct recognized a property right in said trustees in the well or hole in question, but the testimony shows that the well or hole, with the exception of water therein, was in good condition and was used by defendants who have profited thereby. I therefore find that plaintiffs should recover herein the fair value of said well or hole at the time it was converted by defendants to their use."

The only authority cited by the court in support of this proposition is 40 C. J. p. 1085, which reads:

"A lessor or his successor may be estopped by his acts or conduct from taking advantage of a forfeiture, unless such acts and conduct do not mislead the lessee and are not relied on by him to his prejudice."

The opinion then discusses the fair value of such property right, which was found to be $2,000.

We are not in accord with the views of the trial court for the reason that there is not sufficient testimony in the record to support its finding.

It is fundamental that certain elements are necessary to make a contract. There must be, among other things, an offer and acceptance as well as a consideration. Mere discussions and negotiations, or even unaccepted offers of settlement, cannot be a substitute for the formal requirements of the contract. The claimed agreement utterly lacks consideration and a promise to pay is not binding if made without consideration. *Teed* v. *Marvin,* 41 Mich. 216. See, also, *Taylor* v. *Weeks,* 129 Mich. 233.

Defendants' naked promise to pay plaintiffs for something they neither owned nor controlled, *i. e.,* the hole in the ground, is not supported by a sufficient consideration.

At best, the record only shows a claim on the part of plaintiffs and an unaccepted offer by defendants to pay something to avoid further trouble. Plaintiffs do not claim any authority for the proposition that they had any property interest in an incompleted dry oil well hole. Nor have we found any. It is difficult to understand how such right could exist after an abandonment on their part, followed by a formal termination of the written agreement, in accordance with the terms thereof.

The judgment for $34.50 should be permitted to stand but the amount in excess thereof is not supported by competent testimony. The cause is remanded for an entry of judgment in the amount of $34.50, with costs to appellants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.