THOMAS v LEJA

Docket No. 118963. Submitted October 17, 1990, at Detroit. Decided
    February 19, 1991, at 9:15 A.M.

   Peter M. Thomas brought an action in the Macomb Circuit Court,
   seeking to enjoin Walter J. Leja and Stella Deeds from foreclos-
   ing on a mortgage. The plaintiff had executed a mortgage and
   promissory note payable to Diamond Mortgage Corporation as
   part of a loan transaction. Diamond Mortgage had assigned the
   mortgage and note to the defendants despite the plaintiff's
   cancellation of the loan transaction and the fact that the
   plaintiff received no funds from Diamond Mortgage. The court,
   John B. Bruff, J., issued a preliminary injunction against the
   defendants and thereafter granted summary disposition in
   favor of the plaintiff, ruling that the mortgage and promissory
   note were null and void for lack of consideration. The defen-
   dants appealed, asserting that summary disposition was im-
   properly granted because there was a genuine issue of material
   fact regarding their status as holders in due course.

   The Court of Appeals *held:*

   The trial court properly granted summary disposition, but for
   the wrong reason. The plaintiff exercised his right under the
   Truth in Lending Act, 15 USC 1601 *et seq.,* to rescind the loan
   transaction with Diamond Mortgage by filing this action. Fur-
   thermore, the right of rescission under the act is effective
   against all assignees, even those who, like the defendants,
   claim to be holders in due course.

   1. Section 125(a) of the Truth in Lending Act, 15 USC
   1635(a), provides that, in a consumer credit transaction in
   which a security interest in a consumer's residence is retained
   by the lender, the consumer has the right to rescind the
   transaction until midnight of the third business day following
   the consummation of the transaction. Consummation occurs
   when the consumer becomes contractually obligated pursuant
   to state law. A promise to pay is not binding if made without

REFERENCES
Am Jur 2d, Consumer and Borrower Protection §§ 118, 120, 126.
See the Index to Annotations under Assignments; Holder in Due
    Course; Truth in Lending.

consideration. In this case, it was not disputed that the plaintiff received no funds from Diamond Mortgage in exchange for his mortgage and promissory note. The plaintiff therefore did not become contractually obligated, the credit transaction was not consummated, and the plaintiff retained the right to rescind the credit transaction and did so by filing this action within the prescribed period of the applicable statute of limitations.

2. The right of rescission under the Truth in Lending Act is effective against all assignees. The doctrine of holder in due course is not a defense against rescission under the act.

Affirmed.

1. CONSUMER PROTECTION — TRUTH IN LENDING ACT — CREDIT TRANS-
   ACTIONS — RESCISSION.

   A consumer, in a credit transaction in which a security interest in the consumer's residence is retained, has the right, pursuant to the federal Truth in Lending Act, to rescind the transaction until midnight of the third business day following the consummation of the transaction; consummation occurs at the time the consumer becomes contractually obligated on the transaction under the state law (15 USC 1635[a], 12 CFR 226.2[a][13]).

2. CONSUMER PROTECTION — TRUTH IN LENDING ACT — RESCISSION OF
   CREDIT TRANSACTIONS — HOLDERS IN DUE COURSE.

   A consumer's right under the federal Truth in Lending Act to rescind a credit transaction in which a security interest in the consumer's residence is retained is effective against all assignees of the debt instrument, including those who claim to be holders in due course (15 USC 1635[a]).

*Daniel J. Sliwa,* for the plaintiff.

*Martin W. Bordoley,* for the defendants.

Before: HOLBROOK, JR., P.J., and CYNAR and WEAVER, JJ.

HOLBROOK, JR., P.J. This is yet another case arising from the Diamond Mortgage Corporation/ A.J. Obie & Associates mortgage-backed securities fraud. Defendants appeal as of right an order of the Macomb Circuit Court granting plaintiff summary disposition pursuant to MCR 2.116(C)(10) after declaring the note and mortgage executed by

plaintiff "null and void for lack of consideration." We affirm, albeit for a different reason.

### FACTUAL BACKGROUND

In contemplation of a loan, on June 11, 1986, plaintiff executed a promissory note in the amount of $44,000, payable to Diamond Mortgage, along with a mortgage on residential property in St. Clair Shores, Michigan, to secure the note. Plaintiff thereafter thought better of the transaction and on June 16, 1986, called Diamond Mortgage and canceled the transaction. While plaintiff's cancellation was within the three-day rescission period prescribed by the federal Truth in Lending Act (TILA), 15 USC 1601 *et seq.*, it was not in writing as required by Regulation z, 12 CFR 226.1 *et seq.* Nonetheless, Diamond Mortgage apparently honored the cancellation because funds were never distributed to plaintiff and an internal company memorandum was circulated indicating the transaction had been canceled.

Notwithstanding this apparent acceptance of plaintiff's cancellation, Diamond Mortgage recorded the mortgage at 8:38 A.M. on June 26, 1986, and assigned the note and mortgage that same day to defendants in exchange for $44,000. The assignment was thereafter recorded.

On May 11, 1988, plaintiff's father, who resided at the mortgaged premises, discovered posted notice that defendants had commenced foreclosure proceedings. On May 26, 1988, plaintiff commenced the instant action. On May 31, 1988, the trial court issued a preliminary injunction, stopping the scheduled June 3, 1988, foreclosure sale. Plaintiff filed a motion for summary disposition, based primarily on TILA grounds, on November 30, 1988. Summary disposition was granted to plaintiff on

June 22, 1989, the trial court finding the mortgage and promissory note "null and void for lack of consideration."

On appeal, defendants contend that the trial court overlooked their alleged status as holders in due course and therefore erred in declaring the assigned note and mortgage void. Plaintiff argues in a most compelling manner that the decision of the lower court is sustainable on the ground that he still had the right to rescind under the TILA.

### DISCUSSION

Although the issue whether plaintiff's right of rescission was still viable under the TILA was not addressed by the trial court and would therefore normally not be reviewed in this Court, there are instances where we will affirm a trial court's decision where the right result was reached, albeit for the wrong reason. *Thorin v Bloomfield Hills School Dist,* 179 Mich App 1, 6; 445 NW2d 448 (1989). We believe this to be one of those instances.

The TILA was adopted by Congress to "avoid the uninformed use of credit." *Mourning v Family Publications Service, Inc,* 411 US 356, 377; 93 S Ct 1652; 36 L Ed 2d 318 (1973) (quoting 15 USC 1601). To effectuate the statute's remedial purpose, it is to be liberally construed in favor of the consumer. *Cody v Community Loan Corp of Richmond Co,* 606 F2d 499 (CA 5, 1979), reh den 608 F2d 1373 (1979), cert den 466 US 988 (1980).

Section 125(a) of the TILA, 15 USC 1635(a), provides that in a credit transaction in which a security interest in a consumer's residence is retained

the [consumer] shall have the right to rescind the transaction until midnight of the third business

day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later.

Under Regulation z of the Federal Reserve Board, consummation "means the time that a consumer becomes contractually obligated on a credit transaction." 12 CFR 226.2(a)(13). When a consumer "becomes contractually obligated" is to be determined by reference to state law. See 12 CFR Pt 226, Supp 1 (Official Staff Interpretations), Commentary 2(a)(13).

In Michigan, the essential elements of a valid contract are (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. *Detroit Trust Co v Struggles,* 289 Mich 595; 286 NW 844 (1939). Mere discussions and negotiations cannot be a substitute for the formal requirements of a contract. *Kirchhoff v Morris,* 282 Mich 90, 95; 275 NW 778 (1937). It is a fundamental principle of contract law that a promise to pay is not binding if made without consideration. *Matson v State Farm Mutual Automobile Ins Co,* 65 Mich App 713, 715; 238 NW2d 380 (1975).

In the present case, on June 11, 1986, plaintiff executed a series of documents in anticipation of receiving the proceeds of a $44,000 loan from Diamond Mortgage. Among these documents were the promissory note and a mortgage granting Diamond Mortgage a security interest in certain residential property. The note recites plaintiff's promise to pay "in return for a loan I have received." It is undisputed that funds were never distributed to plaintiff by Diamond Mortgage. Therefore, because funds were never distributed to plaintiff, he cannot be said to have been contractually obligated as a result of a credit transaction, and, thus, under

Michigan law, consummation cannot be said to have occurred.

The effect of this, then, is that plaintiff's right to rescind the transaction remains effective under the TILA, subject to the statute of limitations. *Rudisell v Fifth Third Bank,* 622 F2d 243, 247 (CA 6, 1980). We find that plaintiff's filing of the instant action on May 26, 1988, effectively rescinded the transaction within the period of limitation. Had plaintiff been savvy enough to retrieve the note upon his first attempt at rescission, this entire action could have been avoided, because there would have been no note for Diamond Mortgage to fraudulently sell.

We also hold that the TILA's rescission remedy preempts the holder in due course doctrine. To allow defendants to assert their status as holders in due course "would gut 15 USC 1641(c)." *Stone v Mehlberg,* 728 F Supp 1341, 1348 (WD Mich, 1989). As noted in *Stone,* "Congress added this provision to TILA in 1980 'to eliminate ambiguity on the question of assignee liability for rescission by stating explicity [sic] that a consumer's exercise of this right is effective against an assignee.' [S Rep No 96-368, 96th Cong (2d Sess) 32-33, reprinted in 1980 US Code Cong & Admin News 236, 268.]" *Id.* We presume that had Congress intended that rescission rights were not to be effective against assignees who were holders in due course, it would have said so.

Therefore, because the holder in due course doctrine is not a defense against TILA rescission, the defendants' argument that summary disposition was improper given the genuine issue of material fact vis-à-vis their status as holders in due course is without merit. Summary disposition was correctly granted, albeit for reasons different than those stated by the trial court.

Affirmed.