KOCSIS v PIERCE

Docket No. 121634. Submitted June 12, 1991, at Detroit. Decided
November 19, 1991, at 9:40 A.M.

Joseph A. and Mary Ann Kocsis brought an action in the Wayne
Circuit Court against Theodore D. and Russell D. Pierce and
Neal Sutherland, trustee in bankruptcy of the Diamond Mort-
gage Corporation, seeking to have a note canceled and a
mortgage discharged. The action arose after the plaintiffs
sought a loan from Diamond to pay off an existing residential
mortgage and to finance home improvements. They executed
the note and secured the obligation with a new mortgage on
their residence. Diamond assigned the note and mortgage to
the Pierces in exchange for cash. However, the loan proceeds
were never disbursed to the plaintiffs, and their existing mort-
gage was not paid off. The plaintiffs did not make installment
payments under the note, and the Pierces demanded payment.
The court, James E. Mies, J., granted summary disposition for
the defendants and dismissed the action. The plaintiffs ap-
pealed.

The Court of Appeals held:

1. Diamond delivered all the material disclosures required by
the Truth in Lending Act, 15 USC 1601 et seq.

2. Diamond's failure to provide each plaintiff with two copies
of the notice of the right to rescind, as required by 12 CFR
226.23(b), was a technical violation of the Truth in Lending Act
that extended the time during which the plaintiffs had the
right to rescind to three years after consummation. Therefore,
the plaintiffs' notice of rescission, sent within that three-year
period, effectively canceled their obligation to Diamond.

3. Subsection c of 15 USC 1641 provides that the Truth in
Lending Act's rescission remedy preempts the holder in due
course doctrine. Therefore, even if the Pierces could be consid-
ered holders in due course, they are not entitled to enforce the

REFERENCES

Am Jur 2d, Consumer and Borrower Protection §§ 118, 128, 140.

See the Index to Annotations under Comsumer Protection; Credit;
Disclosure.

endorsed note or the underlying assigned mortgage because the plaintiffs have exercised their right to rescind the transaction.

Reversed and remanded for entry of an order granting summary disposition for the plaintiffs.

1. CONSUMER PROTECTION — TRUTH IN LENDING ACT — RESCISSION OF CREDIT TRANSACTIONS — FAILURE TO PROVIDE NOTICE OF RIGHT TO CANCEL.

The federal Truth in Lending Act provides that mortgagors who do not receive two copies of the notice of the right to cancel the mortgage have a continuing right to rescind for three years after consummation of the transaction (15 USC 1635[a]; 12 CFR 226.23[a][3]; 12 CFR 226.23[b]).

2. CONSUMER PROTECTION — TRUTH IN LENDING ACT — RESCISSION OF CREDIT TRANSACTIONS — HOLDER IN DUE COURSE.

The rescission remedy of the federal Truth in Lending Act preempts the holder in due course doctrine (15 USC 1635[a]; 15 USC 1641).

*Norman E. Conn* and *E. Donald Goodman,* for the plaintiffs.

*David F. Carpenter,* for the Pierces.

Before: GILLIS, P.J., and SAWYER and REILLY, JJ.

PER CURIAM. This case involves more victims of the fraudulent practices of the now-defunct Diamond Mortgage Corporation and its subsidiaries and affiliates. This Court is again called upon to decide which of the innocent parties should bear the loss resulting from an increasingly familiar pattern of Diamond's conduct. Plaintiffs herein sought a loan from Diamond to pay off their existing residential mortgage and to finance home improvements. They executed a note and secured this obligation with a new mortgage on their residence. The note and mortgage were assigned to defendants Pierce. Diamond never disbursed the loan proceeds to plaintiffs, and plaintiffs, of course, never made the installment payments under the

note. When they learned that the loan documents had been assigned to defendants Pierce and that the Pierces were demanding payment, plaintiffs commenced this action in the Wayne Circuit Court, seeking to have the note canceled and the mortgage discharged. Plaintiffs appeal as of right from the trial court's September 22, 1989, order denying reconsideration of its decision granting summary disposition in favor of defendants and dismissing the case. We reverse.

The facts are undisputed. On July 2, 1986, plaintiffs executed a note in the principal amount of $28,000 payable over fifteen years at 14.875 percent interest and, to secure payment of the note, a mortgage on their residence in Westland, Michigan. Plaintiffs were required to execute the loan documents before receiving the loan proceeds.

Seven days later, the note was endorsed by Diamond and made payable to defendants Pierce, and the mortgage was assigned to them in exchange for $28,000. However, the loan proceeds, which were supposed to be disbursed within ninety days of the closing, were never disbursed to plaintiffs, nor was the plaintiffs' $4,400 existing mortgage paid off.

Plaintiffs' complaint alleged that the loan transaction was usurious, in violation of the Truth in Lending Act (TILA), 15 USC 1601 *et seq.*, and lacked consideration. The plaintiffs further claimed that the Pierces were not holders in due course because the transaction was based upon Diamond's misrepresentation and fraud, which caused the note and mortgage to be defective and unenforceable. Plaintiffs sought summary disposition under MCR 2.116(C)(9) and (10). The Pierces countered with their motion under MCR 2.116(I)(2), claiming they were holders in due course. They submitted an affidavit stating that they paid

$28,000 for the note and mortgage in good faith, without knowledge that plaintiffs had not received the loan proceeds or notice of any other defense. In response, plaintiffs argued that the Pierces could not be holders is due course because the UCC did not apply to real estate transactions. Plaintiffs also expounded upon the TILA argument and submitted an affidavit dated May 20, 1988, stating that "[d]eponent and his wife only received 2 copies of the notice to re[s]cind, and not 4" and that he "has this date sent a notice to cancel to Diamond Mortgage (Trustee) and the Defendants."

The trial judge granted defendants' motion, concluding that plaintiffs had the better opportunity to avoid the fraud. A motion for reconsideration was denied.

All parties conceded that the material facts were not in dispute and that the questions presented in the motions were matters of law for the trial court. Accordingly, this Court's function is to review the trial court's conclusion of law de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991).

I

### RIGHT TO RESCISSION UNDER THE TILA

Plaintiffs contend that because the disclosures made to them were false and they received only one copy each of the notice of right to rescind, they were entitled to rescind the note and mortgage even as late as May 20, 1988, under the TILA, which provides:

> [T]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction

or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. [15 USC 1635(a).]

A

**RIGHT TO RESCIND FOR INADEQUATE DISCLOSURE**

15 USC 1602(u) provides:

The term "material disclosures" means the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, and the due dates or periods of payments scheduled to repay the indebtedness.

Plaintiffs do not argue that any of the items described above were inaccurately *disclosed.* Rather, plaintiffs argue that the disclosure was patently false because funds that were promised were never disbursed. Given that plaintiffs' argument more properly addresses a failure to perform rather than a failure to disclose, and that actual disbursement of funds does not fall within the definition of material disclosures under the stat-

ute, we reject plaintiffs' claim that the three-day period had not commenced because Diamond failed to deliver all material disclosures.

B

### RIGHT TO RESCIND FOR FAILURE TO PROVIDE REQUIRED NOTICE

12 CFR 226.23(a)(3) provides that a "consumer may exercise the right to rescind until midnight of the third business day following . . . delivery of the notice required by paragraph (b) of this section." Paragraph b of § 226.23 provides:

Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
(2) The consumer's right to rescind the transaction.
(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
(4) The effects of rescission, as described in paragraph (d) of this section.
(5) The date the rescission period expires.

The defendants have acknowledged that each of the plaintiffs were provided with only one copy of the notice of right to rescind. The trial court ruled in defendants' favor, reasoning that the failure to provide two copies of the notice was a mere technical violation.

Subsequently, in *Elsner v Albrecht,* 185 Mich

App 72, 75-76; 460 NW2d 232 (1990), another panel of this Court, relying on the federal district court decision in *Stone v Mehlberg,* 728 F Supp 1341, 1348 (WD Mich, 1989), explicitly held that failure to deliver two copies to each borrower entitled the borrowers to rescind the transaction under the TILA. However, in *Stone,* the district court did not reach the issue whether compliance with the statute required the giving of *two* copies of the notice. The district court specifically found that "[n]one of the documents given to the [mortgagors] . . . contained any disclosure of their right to rescind the transaction within TILA's three-day 'cooling off' period." *Id.* at 1347. We are, however, persuaded that the decision in *Elsner* is correct.

Michigan adheres to the rule that a state court is bound by the authoritative holdings of federal courts on federal questions when there is no conflict. *Schueler v Weintrob,* 360 Mich 621; 105 NW2d 42 (1960); *Cook v Detroit,* 125 Mich App 724; 337 NW2d 277 (1983). Our review of the recent federal decisions interpreting 15 USC 1635(a) and 12 CFR 226.23(a) and related sections indicate a consensus that the TILA must be liberally construed in favor of the borrower in order to effectuate the purpose of the statute, i.e., to avoid the uninformed use of credit. To insure that the consumer is protected, the TILA and the regulations must be absolutely complied with and strictly enforced. *Mars v Spartanburg Chrysler Plymouth, Inc,* 713 F2d 65, 67 (CA 4, 1983). Even technical or minor violations of the TILA impose liability on the creditor. *Jackson v Grant,* 890 F2d 118, 120 (CA 9, 1989) (incorrect expiration date of right to rescind was specified in the notice of the right to cancel); *Williamson v Lafferty,* 698 F2d 767, 768-769 (CA 5, 1983) (lender failed to fill in the expiration date on the rescission form); *Semar v Platte Valley Fed-*

*eral Savings & Loan Ass'n,* 791 F2d 699, 704 (CA 9, 1986) (expiration date was omitted on the notice of right to cancel form, although it stated that the rescission right expired three business days after the closing date); *Mars, supra* (form provided had a minor variation in language and type size from the TILA requirements); see also *Huff v Stewart-Gwinn Furniture Co,* 713 F2d 67, 69 (CA 4, 1983) (minor violations impose liability even if, as the creditor alleged, the consumer was "not misled and was given a meaningful and correct disclosure of crucial credit terms"); *Bizier v Globe Financial Services, Inc,* 654 F2d 1, 3 (CA 1, 1981) (inaccurate disclosure "cannot be dismissed as de minimis or hypertechnical").

Courts should not assert equitable powers in TILA cases with unsympathetic facts. *Semar, supra* at 704. Once the court finds a violation, no matter how technical, it has no discretion with respect to imposition of liability on the lender. *Grant v Imperial Motors,* 539 F2d 506, 510 (CA 5, 1976) (interpreting 12 CFR 226.4(b), court held the lender liable for failure to properly disclose finance charges when it failed to itemize fees totaling $16). A creditor who fails to comply with the TILA in any respect is liable to the consumer under the statute regardless of the nature of the violation or the creditor's intent. *Smith v Fidelity Consumer Discount Co,* 898 F2d 896 (CA 3, 1990); *Thomka v A Z Chevrolet Inc,* 619 F2d 246 (CA 3, 1980).

We agree with the trial court that, because the plaintiffs received full disclosure and the various forms required by the TILA, Diamond's failure to provide a second copy of the notice of the right to rescind to each of the plaintiffs was a technical violation. Nevertheless, in view of the strong and consistent language of the federal courts in ruling on similar technical violations, we are constrained

to hold that the failure to provide the second copy required by 12 CFR 226.23(b) extended the time during which the plaintiffs had the right to rescind to three years after consummation. 12 CFR 226.23(a)(3). Therefore, plaintiffs' notice of rescission, which was sent May 20, 1988, effectively canceled their obligation to Diamond.

Because we conclude that plaintiffs had the right to rescind because of Diamond's failure to provide the required two copies, we need not address plaintiffs' third argument, that they had the right to rescind because the transaction was never consummated.

## II

### RIGHT OF HOLDER IN DUE COURSE UNDER THE TILA

Having determined that plaintiffs' notice of rescission was valid under § 1635(a) of the TILA, we next consider whether this right would be effective against the Pierces, who claim to be holders in due course. 15 USC 1641, entitled "Liability of assignees," provides in pertinent part:

(a) *Except as otherwise specifically provided in this subchapter,* any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor *only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement,* except where the assignment was involuntary. . . .

\* \* \*

(c) *Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.* [Emphasis supplied.]

We believe the explicit language in subsection c supports the conclusion that the TILA's rescission remedy preempts the holder in due course doctrine. *Thomas v Leja,* 187 Mich App 418, 423; 468 NW2d 58 (1991). Therefore, assuming, without deciding, that the Pierces are holders in due course, they are not entitled to enforce the endorsed note or the underlying assigned mortgage because the plaintiffs have exercised their right to rescind the transaction.

The order granting defendants summary disposition under MCR 2.116(I)(2) is reversed. This case is remanded to the circuit court for entry of an order granting summary disposition under MCR 2.116(C)(10) in favor of the plaintiffs.

Reversed and remanded.