FRANCK v BEDENFIELD

Docket No. 124172. Submitted October 14, 1991, at Lansing. Decided December 7, 1992, at 10:35 A.M. Leave to appeal sought.

Robert E. Franck brought an action in the Genesee Circuit Court against Clark L. and Jessie M. Bedenfield, Diamond Mortgage Corporation, and others, seeking to foreclose a mortgage given to Diamond by the Bedenfields and assigned to the plaintiff in exchange for cash. The loan funds were never disbursed to the Bedenfields. The court, Thomas C. Yeotis, J., denied the Bedenfields' motion for summary disposition and, following a bench trial, held the debt to be valid, and the plaintiff to be a holder in due course, but held the mortgage to be invalid, because the plaintiff was not a bona fide purchaser for value. The plaintiff appealed, and the Bedenfields cross appealed.

The Court of Appeals *held:*

The judgment of the trial court must be amended to strike that portion granting the plaintiff judgment against the Bedenfields.

1. The Bedenfields' right to rescind the transaction remained effective under the federal Truth in Lending Act, 15 USC 1601 *et seq.*, even though the affirmative defense of the act was not pleaded. Where the funds of a credit transaction are not distributed to the consumer, consummation cannot be said to have occurred, and the consumer is not contractually obligated as a result of the transaction.

2. Bankruptcy proceedings involving Diamond precluded the Bedenfields' attempt to rescind the contract with regard to Diamond.

3. A consumer who has a right to rescind a transaction under 15 USC 1635 may rescind the transaction with regard to any assignee of the obligation. Thus, the Bedenfields properly could

REFERENCES

17 Am Jur 2d, Consumer and Borrower Protection §§ 118-140.

Obligations of the parties under § 125(b) of Truth in Lending Act (15 USCS § 1635(b) upon rescission of credit transaction involving real estate. 61 ALR Fed 839.

Who is "creditor" within meaning of § 103(f) of Truth in Lending Act (15 USCS § 1602(f). 28 ALR Fed 548.

exercise their right to rescind by informing the plaintiff of their intent to do so. The Bedenfields' motion for summary disposition that alleged that they were allowed to rescind the contract under the Truth in Lending Act effectively rescinded the transaction with regard to the plaintiff. After rescinding the loan transaction, the Bedenfields were not obligated to pay the note, and the plaintiff was required to discharge the mortgage.

4. The Bedenfields' right under the Truth in Lending Act to rescind was effective against all assignees of the debt instrument, including the plaintiff, who claims to be a holder in due course.

Amended in part and affirmed.

1. CONSUMER PROTECTION — TRUTH IN LENDING ACT — CREDIT TRANSACTIONS — RESCISSION.

The federal Truth in Lending Act and Regulation z provide for rescission of a credit transaction until three days after the latest of: consummation of the transaction, delivery of two copies to each borrower of the notice of the right to cancel, or delivery of all material disclosures; where funds are never distributed to the consumer, consummation cannot be said to have occurred (15 USC 1601 *et seq.,* 12 CFR 226.1 *et seq.*).

2. CONSUMER PROTECTION — TRUTH IN LENDING ACT — CREDIT TRANSACTIONS — RESCISSION — ASSIGNEES.

A consumer who has the right to rescind a credit transaction under the federal Truth in Lending Act may rescind the transaction with regard to any assignee of the obligation (15 USC 1635, 15 USC 1641[c]).

3. CONSUMER PROTECTION — TRUTH IN LENDING ACT — CREDIT TRANSACTIONS — RESCISSION — HOLDERS IN DUE COURSE.

A consumer's right under the federal Truth in Lending Act to rescind a credit transaction is effective against all assignees of the debt instrument, including those who claim to be holders in due course (15 USC 1635).

*Gockerman, Wilson, Broberg & Saylor, P.C.* (by *Richard M. Wilson, Jr.*), for Robert E. Franck.

*S. Olof Karlstrom,* for Clark and Jessie Bedenfield.

Before: REILLY, P.J., and WEAVER and McDONALD, JJ.

WEAVER, J. We have before us yet another of the cases arising from the Diamond Mortgage Corporation/A.J. Obie & Associates, Inc., mortgage-backed securities fraud. For a history of this scam, see *Stone v Mehlberg,* 728 F Supp 1341 (WD Mich, 1989).

In this case, plaintiff, Robert Franck, purchased a mortgage that had been given to Diamond by Clark and Jessie Bedenfield (hereafter defendants). Miscreants at Diamond absconded with plaintiff's investment money after assigning him the note and mortgage but without disbursing the loan funds to the Bedenfields.

Plaintiff brought suit to foreclose the Bedenfields' mortgage. Following a bench trial, the court held the debt to be valid, plaintiff being a holder in due course, but the mortgage to be invalid, plaintiff not being a bona fide purchaser for value. Both sides appeal as of right. We amend in part and affirm.

The first issue raised is whether defendants were obligated, contractually or otherwise, by execution of the note or the mortgage. Defendants contend there was no contract and also that they timely exercised their right of rescission.

The federal Truth in Lending Act (TILA), 15 USC 1601 *et seq.,* and Regulation z, 12 CFR 226.1 *et seq.,* both provide for rescission until three days after the latest of (1) consummation of the transaction, (2) delivery of two copies for each borrower of the notice of right to cancel, or (3) delivery of all "material disclosures." Here, the question is whether consummation ever occurred.

This Court has previously held that when the funds of a credit transaction are never distributed to the consumer, he cannot be said to have been contractually obligated as a result of the credit transaction, and, thus, consummation cannot be

said to have occurred. *Thomas v Leja,* 187 Mich App 418; 468 NW2d 58 (1991). Thus, even though the affirmative defense of the TILA was not pleaded, the Bedenfields' right to rescind the transaction remains effective under the TILA. *Thomas, supra.* See also *Kocsis v Pierce,* 192 Mich App 92; 480 NW2d 598 (1991).

Defendants sent a letter to Diamond on January 30, 1989, expressing their intent to rescind the contract. However, in denying defendants' motion for summary disposition pursuant to MCR 2.116(C)(10), the court ruled that the letter intended to effectuate a rescission was unenforceable because Diamond was in the midst of bankruptcy proceedings, and all transactions were required to cease during the stay imposed by such proceedings. We agree with the court's conclusion, and plaintiff's argument on appeal, that the bankruptcy stay precluded defendants' attempt to rescind the contract with regard to Diamond.

However, shortly after March 15, 1986, Diamond assigned the Bedenfields' mortgage to Franck.

Any consumer who has the right to rescind a transaction under 15 USC 1635 may rescind the transaction with regard to any assignee of the obligation, 15 USC 1641(c). Thus, the Bedenfields could properly exercise their right to rescind by informing Franck of their intent to do so. See *Stone, supra* at 1347. We find that defendants' motion for summary disposition alleging that they were allowed to rescind the contract under the TILA effectively rescinded the transaction. See *Thomas, supra* at 423.

Franck asserts that because he is a holder in due course, the TILA rescission remedy is not effective against him. However, this Court has previously ruled to the contrary regarding this issue. *Id.* at 423, and see *Stone, supra* at 1348.

After rescinding the loan transaction, the Bedenfields were not obligated to pay the note, and Franck was required to discharge the mortgage. 15 USC 1635(b); *Stone, supra* at 1347.

This resolution renders all other issues raised by the parties moot.

We amend the judgment of November 28, 1989, to strike that portion of the judgment granting Franck judgment against the Bedenfields.

Amended in part and affirmed.