ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Valentino Camardo ("seller") appeals on the accelerated docket from the order of the trial court granting defendant-appellee-movant Marge Reeder's ("buyer") unopposed motion for summary judgment.[1] For the reasons adduced below, we reverse and remand for further proceedings.
{¶ 2} A review of the record on appeal indicates that appellant filed his complaint on January 22, 2001, alleging breach of contract and quantum meruit stemming from appellant/contractor's replacement of a sanitary sewer line located on the property of appellee's house located at 8127 York Road, North Royalton, Ohio. The prayer in the complaint sought damages in the amount of $1,400 ($1,175 for original services pursuant to the contract + $25 for the building permit pursuant to the contract + $200 for additional costs), plus interest from the date appellant demanded the additional $200 from appellee.
{¶ 3} Appellee filed her answer on January 22, 2001. In this answer, appellee admitted that she had hired appellant to perform the work for the sum of $1,175 plus $25 for the building permit. In addition, she alleged that shortly before the completion of the project, appellant had demanded that she pay him an additional $200 to finish the job. Appellee refused to pay this additional amount. The following day, May 6, 1998, appellant arrived on the work site, at which time appellee tendered him a check in the amount of $1,200. Appellant, who concedes that he completed the work on that date, see appellant's brief at 1, refused the tender. Appellee later claimed that she mailed this check to appellant, but that he never cashed the check. Appellant concedes that he never negotiated the check. Id.
{¶ 4} In the answer, appellee raised the following defenses: Home Solicitation Sales Act ("HSSA") violation by appellant; Consumer Sales Practices Act ("CSPA") violation by appellant; and, lack of consideration for the additional $200 payment. Appellee requested that the transaction be canceled or rescinded, and the action dismissed.
{¶ 5} On July 13, 2001, the final date for the filing of dispositive motions set by the court, appellee filed her motion for summary judgment in which she relied on the defenses asserted in her answer and requested that the court cancel the transaction pursuant to the HSSA, rescind the transaction pursuant to the CSPA, and dismiss the case with prejudice at appellant's cost. Attached to this motion for summary judgment was the affidavit of appellee, a photocopy of the services contract between the parties, and a photocopy of the $1,200 check which appellee had tendered to appellant.
{¶ 6} Appellant filed no opposition to this motion for summary judgment.
{¶ 7} The court granted this unopposed motion for summary judgment on October 3, 2001 without opinion or elucidation utilizing a half sheet status form entry. See Journal Vol. 2651, page 265.
{¶ 8} Appellant filed his timely notice of appeal from this final order on October 31, 2001.
{¶ 9} Appellant's brief is non-conforming in that it contains no statement of the assignments of error presented for review. See App.R. 16(A)(3). However, appellant's brief does contain a statement of two issues presented for review, albeit "without references to the assignments of error to which each issue relates." See App.R. 16(A)(4). Despite this non-conformity, we will treat the issues presented as if they were assignments of error.
{¶ 10} Prior to addressing the "assignments," we note that the standard of review for a motion for summary judgment ruling was generally stated in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447,448-449, 1996-Ohio-211, as follows:
 {¶ 11} Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
{¶ 12} * * *
 {¶ 13} Summary judgment is appropriate where the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus; State ex rel. Morley v. Lordi (1995), 72 Ohio St.3d 510, 513, 651 N.E.2d 937, 940. When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031. (Emphasis added.)
{¶ 14} Also see Celotex v. Catrett (1986), 477 U.S. 317,106 S.Ct. 2548, 91 L.Ed.2d 265.
{¶ 15} Subsequent to Tompkins, in the recent case of Kulch v.Structural Fibers, Inc., 78 Ohio St.3d 134, 144-145, 1997-Ohio-219, the Ohio Supreme Court limited the third paragraph of the syllabus of Wing,
supra, by reasserting reliance on Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107:
 {¶ 16} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. (Footnote omitted; Italicization in original.)
{¶ 17} The two issues/assignments are interrelated and will be discussed jointly. These issues/assignments provide the following:
 {¶ 18} I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS APPELLEE WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW IN THAT APPELLEE IS NOT ENTITLED TO RESCIND AND DID NOT RESCIND HER TRANSACTION WITH APPELLANT UNDER THE OHIO CONSUMER SALES PRACTICES ACT.
 {¶ 19} II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW IN THAT APPELLEE HAS NOT CANCELLED (sic) HER CONTRACT WITH APPELLANT OR (sic) REQUIRED UNDER THE HOME SOLICITATION ACT.
{¶ 20} The first hurdle which must be overcome is whether the home improvement contract for the replacement of the sanitary sewer line, from the house to the street, is subject to the Home Solicitation Sales Act. The simple answer is "Yes." The HSSA applies to home improvement contracts involving "consumer goods or services."[2] See R. Bauer Sons Roofing Siding, Inc. v. Kinderman (1992), 83 Ohio App.3d 53,613 N.E.2d 1083 (installation of a new roof, windows, and door at a private home); Patterson v. Stockert (Dec. 13, 2000), Tuscarawas App. NO. 2000AP 01 0002, 2000 Ohio App. LEXIS 6004 (remodeling of a bathroom);Rosenfield v. Tombragel (Dec. 31, 1996), Hamilton App. No. C-950871, 1996 Ohio App. LEXIS 5885 (home improvement projects at a residence); Collinsv. Kingsmen Enterprises, Inc. (Jan. 19, 1995), Cuyahoga App. No. 66433, 1995 Ohio App. LEXIS 123 (remodeling of a kitchen). We conclude that the repair and/or replacement of a sanitary sewer line at a private home by a home owner is, much like the replacement of a home's roof, a service purchased primarily for household purposes.
{¶ 21} Since the HSSA applies to the contract entered into between the parties, we must next determine whether the HSSA was complied with.
{¶ 22} HSSA mandates, in part, that a home improvement contract contain a "notice of cancellation" form, the substance of which is detailed in R.C. 1345.23(B). There is no dispute that the contract in issue does not contain the required notice of cancellation provision. A violation of the HSSA is a violation of the CSPA. R.C. 2345.28.
{¶ 23} The HSSA gives the buyer the right to cancel a home solicitation sale within three business days of signing the agreement or offer to purchase. R.C. 1345.22. This type of cancellation must be done in writing. Id. Most importantly for the parties herein, a seller of services covered by the HSSA shall not commence performance of such services during the time in which the buyer may cancel. Id.
{¶ 24} Pursuant to the version of R.C. 1345.23(C) in effect at the time of the contract,
 {¶ 25} Until the seller has complied with divisions (A) and (B) of this section the buyer may cancel the home solicitation sale by notifying the seller by mailing, delivering, or telegraphing written notice to the seller of his intention to cancel. The three day period prescribed by section 1345.22 of the Revised Code begins to run from the time the seller complies with divisions (A) and (B) of this section. (Underline added.)
{¶ 26} Thus, until the buyer complies with the HSSA and, in particular for purposes of this action, gives the notice of the right to cancel, the right to cancel cannot expire. In fact, because a notice of cancellation was never given to the buyer herein, the three-day cancellation period never commenced and never expired. Further, until such time as the right to cancel has expired, the seller is specifically precluded from commencing performance of the services for which he was engaged. R.C. 1345.22. "A contractor who begins, or even completes, work prior to the expiration of the cancellation period, does so at his own risk." Patterson v. Stockert, supra, 2000 Ohio App. LEXIS 6004 at 20, citing R. Bauer Sons, supra, and Clemens v. Duwel (1995),100 Ohio App.3d 423, 654 N.E.2d 171. The buyer herein was free to cancel her contract with the seller at any time.
{¶ 27} The next question which arises is whether the buyer's cancellation herein was sufficient to cancel the sale. Pursuant to R.C.1345.22, "[C]ancellation is evidenced by the buyer giving written notice of cancellation to the seller at the address stated in the agreement or offer to purchase."
{¶ 28} Appellee, relying on an agency theory, argues that her written notice of cancellation to the seller consisted of her answer to the complaint or the motion for summary judgment, served on seller's legal counsel, wherein she raised the defense of noncompliance with the HSSA and requested in the prayer for relief that the trial court cancel the contract. In particular, appellee analogizes this issue to the right of a consumer to rescind a credit transaction application under the federal Truth In Lending Act ("TILA"), see generally 15 U.S.C. § 1635. In particular, appellee cites to 12 C.F.R. § 226.15(a)(2), a TILA regulation which mandates that a consumer who wishes to rescind an open-ended credit transaction involving a security interest in the consumer's principal dwelling do so by notifying "the creditor of the rescission by mail, telegram, or other means of written communication." (Underline added.) Appellee next cites to Taylor v. Domestic Remodeling,Inc. (5th Cir. 1996), 97 F.3d 96 (a case arising in Mississippi which found that a borrower's timely filed complaint in a court action constitutes statutory notice of rescission to the creditor for purposes of TILA), and Franck v. Bedenfield (1992), 197 Mich. App. 316,494 N.W.2d 840 (the defendants' motion for summary judgment against the plaintiff-creditor, wherein it was alleged that defendants had the right to rescind a credit transaction contract under TILA, effectively provided notice of rescission to the creditor).
{¶ 29} Appellant argues that the written notice contained in the answer and the motion for summary judgment was ineffective because it was not delivered to the appellant "at the address stated in the agreement or offer to purchase" as required by R.C. 1345.22; instead, the responsive pleading and the motion were served on seller's legal counsel.
{¶ 30} We conclude that appellant prevails on this issue. R.C.1345.22 mandates that cancellation by the buyer be given to the seller "at the address stated in the agreement or the offer to purchase." There is no question that this was not done. The authority relied upon by appellee is not persuasive because the federal regulation governing rescission under TILA, 12 C.F.R. § 226.15(a)(2), is more broadly drawn than its Ohio counterpart, R.C. 1345.22, in that the federal regulation merely instructs that written notice of rescission be delivered in some manner to the creditor. The manner in which this delivery is accomplished is largely unregulated. Thus, courts have determined that the delivery of notice of recission is satisfied in the service of an original complaint pleading (which pleading is actually served on the creditor-party, as in Taylor, supra) or in a motion filed in litigation involving the lending contract (as in Franck, supra). However, R.C. 1345.22 not only requires delivery of the notice of cancellation to the seller, but specifies that such notice be to the seller at the address used by the seller in the contract between the parties. Delivery of the notice of cancellation to the address of seller's legal counsel does not satisfy the express language of R.C. 1345.22. Thus, we conclude that the appellee-buyer did not properly cancel the contract in question pursuant to R.C. 1345.22 and was not entitled to judgment as a matter of law.
{¶ 31} Assignments overruled.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v.Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
[2] Consumer goods or services is defined by the HSSA as goods or services purchased, leased, or rented primarily for personal, family, or household purposes, including courses or instruction or training regardless of the purpose for which they are taken." R.C.1345.21(E).