# STATE OF MICHIGAN

# COURT OF APPEALS

CARL VONWALTHAUSEN,

      Plaintiff-Appellant,

v

RALPH A. VONWALTHAUSEN, MARGARET
T. VONWALTHAUSEN, ROLPH A.
VONWALTHAUSEN, and MARTI
VONWALTHAUSEN,

      Defendants-Appellees.

UNPUBLISHED
December 22, 2015

No. 323665
Antrim Circuit Court
LC No. 2014-008882-NZ

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendants Ralph and Margaret Von Walthausen's (hereinafter defendants) motion for summary disposition pursuant to MCR 2.116(C)(10) on plaintiff's breach of contract claim. We reverse and remand for further proceedings.

On September 11, 1987, plaintiff executed a quitclaim deed granting the cottage he owned to defendants, his parents. Plaintiff testified that he deeded the cottage to defendants because he had lost his job and could no longer afford the mortgage payments. Defendants agreed to assume the mortgage payments. According to plaintiff, the parties also reached an oral agreement that, if defendants chose at any point to sell the cottage, plaintiff would have the first opportunity to purchase the cottage on the same terms as a willing buyer. Plaintiff brought the current action after defendants sold the cottage without allowing plaintiff the opportunity to exercise his contractual right of first refusal. The trial court granted defendants' motion for summary disposition based on its conclusion that plaintiff had failed to submit sufficient evidence of the existence of such an agreement. Plaintiff appeals.

Plaintiff argues that the trial court erred in granting defendants' motion for summary disposition because he submitted sufficient evidence to establish a genuine issue of material fact whether the parties entered into the agreement. We agree.

This Court reviews the trial court's grant of summary disposition pursuant to MCR 2.116(C)(10) "de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR

2.116(C)(10) tests the factual sufficiency of the complaint." *Id.* at 120. The court considers affidavits, pleadings, depositions, admissions, and other evidence in a light most favorable to the non-moving party. *Id.* All "reasonable inferences" must be drawn in favor of the nonmoving party, *Myers v Portage*, 304 Mich App 637, 641; 848 NW2d 200 (2014), and courts may not resolve factual disputes or determine credibility in ruling on a summary disposition motion, *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007).

This Court has characterized an agreement where one party has an option to purchase property from another should the latter choose to sell the property as "a right of first refusal." See *Brauer v Hobbs*, 151 Mich App 769, 775-776; 391 NW2d 482 (1986). In the present case, plaintiff alleges that defendants granted him a right of first refusal when he quitclaimed the cottage to them in 1987. According to plaintiff, the parties agreed that plaintiff would be able to purchase the cottage on equal terms as any potential buyer if defendants chose to sell. "[T]he essential elements of a valid contract are (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Thomas v Leja*, 187 Mich App 418, 422; 468 NW2d 58 (1990). Here, the trial court granted defendants' motion for summary disposition based on its conclusion that there was no evidence of mutuality of agreement.

Contractual liability is consensual and will not arise unless the parties mutually assent to be bound. *Rood v Gen Dynamics Corp*, 444 Mich 107, 118; 507 NW2d 591 (1993). In making a determination of whether mutual assent exists, this Court uses "an objective test, looking to the expressed words of the parties *and their visible acts*." *Rowe v Montgomery Ward & Co*, 437 Mich 627, 640; 473 NW2d 268 (1991) (internal quotation marks and citation omitted). "The starting point in analyzing oral statements for contractual implications is to determine the meaning that reasonable persons might have attached to the language, given the circumstances presented." *Id.* The court considers the relevant circumstances surrounding the transaction, including all writings, oral statements, and the conduct by which the parties manifested their intent. *Id*. at 641; *Rood*, 444 Mich at 119.

Here, the trial court ruled that the evidence of the agreement lacked specificity, particularly given the fact that the alleged agreement occurred over 30 years ago, and concluded that no rational trier of fact could find a legally enforceable agreement. While it is true that plaintiff could recall little in terms of specificity surrounding the details of the alleged agreement, plaintiff unequivocally testified that the agreement existed. Plaintiff explained that the agreement between the parties was prefaced by a lengthy and detailed discussion regarding his grandfather and the family history surrounding the cottage. According to plaintiff, the significance of the cottage to the family was weighed against the financial cost of maintaining the cottage. The parties ultimately agreed that defendants would assume the mortgage, thereby "saving," the cottage, and, according to plaintiff, he was granted the right of first refusal during these discussions. According to plaintiff, the quit claim deed was not executed until after the agreement was made and discussions were complete. Since the agreement was made, plaintiff testified that he has continued to maintain the property. Additionally, plaintiff produced a 2008 letter from his mother which referenced plaintiff's desire to eventually buy the cottage from defendants. Plaintiff testified that he understood the letter to reinforce the agreement that he would be offered an opportunity to purchase the cottage before it was sold. The letter also referenced a revocable living trust, in which plaintiff was granted the right to purchase the

cottage upon defendants' deaths. Finally, plaintiff testified regarding a 2010 telephone conversation with his mother, where she said "Don't worry. Even if we have to let the cottage go for money reasons, you still get a crack at it first."

Based on this evidence, we conclude that there was sufficient evidence presented by plaintiff to establish a question of fact regarding the existence of an oral agreement. While plaintiff could not remember the specific date and time of the agreement, he remembered the terms agreed to by the parties, and offered supporting evidence showing that defendants' understood his intent to repurchase the property in the future. "[W]hen the promises and performances of each party are set forth with reasonable certainty, the contract will not fail for indefiniteness." *Calhoun Co v Blue Cross Blue Shield Mich*, 297 Mich App 1, 14; 824 NW2d 202 (2012). We conclude that whether an agreement existed constituted a question of fact for the jury. Accordingly, the trial court erred in granting defendants' motion for summary disposition on plaintiff's breach of contract claim.

Reversed and remanded. We do not retain jurisdiction. Plaintiff, the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood